WIGGINTON, Judge.
Defendant owners seek review of a final judgment rendered in an eminent domain proceeding brought by appellees to acquire additional right-of-way for a state highway in the City of Daytona Beach. The principal point on appeal challenges the correctness of the trial court’s ruling which required appellant, over his objection, to testify as to the purchase price paid by him for the property being condemned when he bought it IS years prior to the filing of the action in this case.
Appellants’ property consisted of a corner lot fronting 95 feet wide on Atlantic Boulevard and running back a distance of 73 feet deep. Two four-unit apartment houses were located on the land, and there was sufficient open area to provide parking for the occupants of the apartments. By this suit appellees acquired the approximate 25 front feet of appellants’ lot, the taking line bisecting one of the two apartment houses resulting in a complete loss of that building and a portion of the parking area. The cross-examination of appellant owner by counsel for appellee established that appellant purchased the property IS years before this suit was instituted. Appellant was then asked to state the amount he paid for the property, to which question an objection was made. In overruling the objection and requiring that the witness answer, the court stated in the presence of the jury:
“Having been shown since the date of sale that no material change in the property and realizing that we have a Jury of true people that would take into consideration this at arriving in the value of the land, I will allow the evidence of sale in for whatever probative value the Jury wishes to give it, considering the time elements, according to the weight the Jury wishes to give it.”
It is generally held that the admissibility of evidence concerning the purchase price paid by a landowner for land sought to be appropriated in a condemnation proceeding lies in the sound judicial discretion of the court. Such discretion is not an unbridled one, however, but one to be exercised in accordance with established principles of law. The primary test of such admissibility is relevancy which in turn depends to a large extent on whether the purchase by the condemnee was recent or remote in relation to the date of taking.
This question was before this court in the case of Staninger v. Jacksonville Expressway Authority.[1] In attempting to set the proper guideline for the resolution of this question, the court said:
“Appellants’ third point challenges the admission in evidence of testimony as to the purchase price paid for the property by appellants in 1960 or 1961, several years prior to the appropriation thereof. The great weight of authority and the rule in this jurisdiction is that where the *367 time of the sale is not so remote as to destroy the evidentiary value of such testimony, it is largely within the discretion of the trial court to permit or exclude it. In Dickinson v. United States, 154 F.2d 642 (1946, C.A. 4th Va.), the challenged testimony related to a sale of the identical property six years prior to the date of taking. The appellate court noted that while the period of time was substantial, involving changed conditions of the times, these circumstances went to the weight rather than the admissibility of the evidence. That is true of the testimony here in question.”
In the author’s discussion of this subject, Nichols, in his work on eminent domain, says:

“Prior sales of the property involved

“When a parcel of land is taken by eminent domain, the price which the owner paid for it when he acquired it is one of the most important pieces of evidence in determining its present value. However, this assumes that the sale was recent, was a voluntary transaction between parties each of whom was capable and desirous of protecting his own interests, and that no change in conditions or marked fluctuation in values has occurred since the sale. A price paid under such conditions is a circumstance which a prospective purchaser would seriously consider in determining what he himself should pay for the property. As evidence before a jury, it consumes little time in introduction and raises few collateral issues, so that every argument is in favor of its admissibility. As it is very rare that a condemnor seeking to appropriate land is unwilling to give the owner what he paid for it, such evidence is almost always introduced by the con-demnor, and is generally admissible either as independent evidence of value or to rebut the owner’s contention that his property is now worth a much larger sum. If, however, the sale took place several years before the taking, evidence of the price paid is usually not admissible.” [2]

“Sales of the property itself.

“As has been said, the prior sale must not have been so remote in time as to have no bearing upon the question of the value of the property at the time it is condemned. On the question of remoteness, much is left to the discretion of the trial court. In one jurisdiction, although such testimony is not admitted as substantive evidence of value (on the ground that market value may not be predicated on the price for which one person may have bought or sold his property but on the judgment of the community as to value), nevertheless, generally, whether for the purpose of testing his credibility or to establish value or both, an owner may be asked on cross examination what he paid for the property (and the price at which he offered to sell it) if the purchase or sale was not too remote.” [3]
From the record before us it affirmatively appears that the date on which appellant purchased the property in question occurred 15 years prior to the taking in this case. Appellant had already testified that after purchasing the property he had spent a great deal of money improving the two apartment buildings located on the parcel. Appellees’ expert witness, when testifying to the highest and best use of appellants’ property, said that the area in which the apartment buildings are located is and has been in a state of transition from apartment use to retail use, thereby indicating that the use character of appellants’ property was in the process of changing from a less valuable use to a more valuable use. This witness testified to numerous comparable sales of property *368 in the neighborhood which had taken place over the period of time from April, 1967, to January, 1970, prior to the filing of this action on November 2, 1970. The jury had before it a wealth of testimony as to relatively recent sales of comparable property from which it could have arrived at a fair verdict representing the present fair market value of appellants’ land and improvements.
Because of the established transition in the use value of appellants’ property which was and had been taking place prior to and at the time of taking, coupled with appellant’s testimony as to substantial expenditures he had made in improving the property since he had purchased it, the amount for which the property was purchased some IS years previously was rendered wholly unreliable and irrelevant. The abundance of evidence concerning recent sales of comparable property negated any necessity of going back a period of 15 years in order to determine what the fair market value probably was at that time. It appears patent from the record that the evidence of the purchase price paid by appellant when he bought the property could have been of no real or substantial assistance to the jury in fixing the present fair market value of appellants’ land and improvements at the time this action was tried, and the introduction of such evidence into the record could have had no effect other than to prejudice the jury against making an award in excess of the original purchase price. The error was compounded when the trial judge announced in the presence of the jury when overruling appellants’ objection that the evidence showed that since the date appellants purchased the property no material change in it had taken place. This was not only contrary to the evidence in the record but amounted to a comment on the evidence by the court which could have had no effect other than to indicate to the jury that the value of the property had not changed from the date of purchase to the date of condemnation.
It is our view that the date on which appellants purchased the land involved herein was so remote in point of time as to have no evidentiary value. Evidence of the purchase price paid by appellants was neither relevant nor necessary when viewed in light of the other evidence of value before the court, and its admission was prejudicial. We have considered the remaining point urged by appellants for reversal but find it to be without substantial merit. The judgment appealed is reversed and the cause remanded for a new trial.
SPECTOR, C. J., and JOHNSON, J., concur.

. Staninger v. Jacksonville Expressway Authority (Fla.App.1966) 182 So.2d 483, 489.

. 4 Nichols on Eminent Domain, § 12.311 (1), (Third Edition).

. 5 Nichols on Eminent Domain, § 21.2, (Third Edition).