RAWLS, Chief Judge.
Appellants-defendants landowners appeal from a final judgment in this eminent domain action and assert as error the adequacy of the damages awarded for the property taken.
The principal questions posed relate to evidentiary rulings by the trial court in: 1) allowing appellee, Department of Transportation, to cross-examine appellant landowner, John W. Whidden, as to the purchase price paid for the parent tract in the year 1963; and 2) in permitting an expert appraiser adduced by appellant to be cross-examined as to his charging contin *420 gent fees when acting as a real estate broker.
In 1963, appellants purchased an 11.2-acre parcel of land some eight miles east of Tallahassee. On September 29, 1971, an order of taking of 5.72 acres of the subject land was entered in favor of appellee for the purpose of constructing Interstate 10. This condemnation resulted in appellants’ usable frontage on the Chaires Road being reduced from 575 feet to 264.27 feet. The depth of their property was reduced by some 45 feet, and their home which is situated on the remainder was located approximately 100 feet from the contemplated interstate highway. Additionally, an unpaved open ditch, apparently for drainage purposes, was to be constructed along the portion of appellants’ property which fronts on Chaires Road.
The Department’s appraiser found the condemned land and its improvements to be valued at $9,600.00 with no damage for severance. One expert witness for the appellants testified as to damages in the sum of $15,300.00 without assessing any sum for severance. The other expert witness on behalf of the appellants found the value of the land taken to be $20,609.00 and severance damages to be in the sum of $20,412.00. The jury returned its verdict in the sum of $10,300.00 for the value of the land taken.
Appellant John W. Whidden, took the stand and testified in some depth as to the improvements he had made on the property since the date of purchase, and then gave his opinion as to the value of the land taken. On cross-examination, the Department asked appellant Whidden the date he purchased the property and then posed this question: “Now could you tell us what you paid for the property at that time?” Over objection, the witness was required to answer.[1]
In Staninger v. Jacksonville Expressway Authority,[2] this Court held:
“The great weight of authority and the rule in this jurisdiction is that where the time of the sale is not so remote as to destroy the evidentiary value of such testimony, it is largely within the discretion of the trial judge to permit or exclude it.”
The opinion in Staninger does not recite the lapse of time between the date of purchase by the landowner and the date of taking by the State. The opinion does recite that one co-owner testified when called as an adverse witness that the land taken was purchased in 1960 or 1961. We have examined the Court files in Staninger and find that the petition for condemnation was filed on December 28, 1964. Thus, a period of three or four years had elapsed between the date of purchase by the landowners and the appropriation by the State.
The instant question was dealt with in depth by this Court in a scholarly opinion authored by Judge Wigginton in the case of Nour v. Div. of Administration.[3] Excerpts of authoritative treatises authored by Nichols on Eminent Domain are set forth in Nour, which state in essence that the price paid for the land by the owner is admissible in determining its present value if the sale was recent; however, if the sale took place several years before the taking, evidence of the price paid is not admissible. In Nour, 15 years lapsed between the date of purchase of the property by the landowner and the date of taking. After observing that the landowner testified he had spent a great deal of money improving the property and that the property was experiencing a use transition resulting in a *421 higher value, this Court reversed the trial judge’s action in allowing the State to cross-examine the landowner as to the initial purchase price of his property.
Obviously, the lapse of years between purchase by the owner and taking by the sovereign cannot be determined by mathematical exactitude in ascertaining whether the purchase was too remote for evidentiary purposes. Numerous factors must be considered such as transition in use and improvements made to the land. Of significant importance is the substantial inflationary trends experienced in recent years and a concomitant spiraling of land prices. In a relatively stable economy, the length of time between the landowner’s purchase and the sovereign’s taking might be more than “several years”; however, in a volatile economy such as has been experienced in recent years, the permissible time lapse will of necessity be shortened. For instance, if the shoe was on the other foot, would the sovereign concede that the purchase price paid by the landowner for property acquired in 1928 be admissible as to value for such land appropriated by the sovereign in 1930? [4] We think not.
Here the landowner testified that the property was purchased in the year 1963, and that he made extensive improvements during the intervening eight years prior to the appropriation by the State in 1971. Under these facts and taking judicial notice of the volatile economy experienced in the past few years, we conclude that the trial judge abused his discretion in allowing the State to cross-examine appellant landowner as to the sum he paid for the property eight years prior to the taking and nine years prior to the jury trial as to damages sustained.
We now turn to the second question. Appellant produced and qualified as an expert real estate appraiser, one Gene Harris. Over strenuous objection by the landowner the State, on cross-examination, was permitted to question this witness as to his activities as a real estate broker and the method of his charging for such services. This line of inquiry culminated in the State asking: “But isn’t it true, though, when you do this, the higher the price of the property, the higher the percentage of your fee, is that correct?” Such line of inquiry was obviously for the purpose of impugning the testimony of this qualified expert appraiser. The activities of this witness and the charges made by him for his services as a real estate broker was a subject completely irrelevant to the direct examination and was impermissible on cross-examination.
In view of the conclusions reached, the other points on appeal will not be discussed.
The judgment appealed is reversed with directions to grant appellants a new trial.
WIGGINTON, J., concurs.
WHITWORTH, LEWIS B., Associate Judge, dissents.

. He testified that the purchase price was $6,440.00 for the entire parcel in December, 1963.

. Staninger v. Jacksonville Expressway Authority, 182 So.2d 483, 489 (1 Fla.App.1966).

. Nour v. Div. of Administration, 267 So.2d 365 (1 Fla.App.1972).

. The Great Depression, October, 1929, severely deflated land values. See: 22 Encyclopedia Britannica (1972) at 673.