SARTAIN, Judge,
dissenting and assigning reasons.
I must dissent for the reason that the record, in my opinion, is totally devoid of any medical evidence establishing a causal relationship between decedent’s death and his employment. The only medical evidence in the record is the testimony of Dr. Glenn Barnett. To preclude any misunderstanding about his testimony I quote the hypo-thet posed to him and his answer thereto, to wit:
“Q. If you recall, Doctor, I would like to pose a hypothet to you and ask you that you consider my assumptions in light of what you know factually as pertains to the medical history, as well as the manner in which you first saw his condition when you first saw him. Insofar as the hypothet is concerned, I would like for you to assume on May 31, 1976, he was employed as a plumber. He was called upon to change out some parts of a toilet tank by his employer. I want you to assume there was no heavy lifting, bending, or unusual exertion involved.
“He commenced to work at approximately 9:00 a. m. and shortly thereafter he was found in the condition or in a condition similar to what you observed him when you initially saw him. With those facts in mind, I would like to know whether or not you have an opinion as a neurological surgeon and whether or not you could be certain with any degree of medical certainty that this subarachnoid hemorrhage or the condition that led to his demise was in any way caused by his employment situation that I have related. “A. As you related to me, my answer would be it would not have caused the subarachnoid hemorrhage.”
*1377 The above is the extent of the medical testimony relative to causation. Assuming, as the majority has done, that the decedent did some work the facts posed in the above hypothet were not varied on cross examination even to conform to the assumption that decedent had carried any tools up stairs or had done anything to the toilet. The testimony quoted above stands alone and totally unrebutted. Further, neither the apartment occupant nor the back up plumber were called as witnesses. Unfortunately, we only know that decedent suffered his fatal aneurysm on the job and basically nothing more.
I am mindful of the rule that a determination of causation by the trial judge is entitled to great weight. However, there really is no conflict in the facts. The case of Francis v. Gerlach Meat Packing Company, Inc., 319 So.2d 534 (La.App. 2nd Cir. 1975) relied on by the trial judge is clearly distinguishable from the facts in the instant matter. In Francis there was medical evidence on the issue of causation, albeit conflicting, whereas in the case before us there is no medical evidence, conflicting or otherwise, establishing a causal relationship between the occurrence of the aneurysm suffered by decedent and his employment.
The issue as to causation in this case is more similar to the same issue in Prim v. City of Shreveport, 281 So.2d 421 (La.1974) and Rowland v. Continental Oil Company, Inc., 374 So.2d 734 (La.App. 3rd Cir. 1979), writ refused, 376 So.2d 1268 (La.1979). In each of these cases only the attending physician testified (as here) and each expressed the opinion (as here) that the disability (stroke and heart attack) was not work related and recovery was denied.
For these reasons I respectfully dissent.