KIRKWOOD v. LONDON & LANCASHIRE IND. CO. OF AMERICA

(January 13, 1930. Opinion and Decree.)
(February 27, 1930. Rehearing Refused.)
(March 10, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

Harold A. Moise, of New Orleans, attorney for plaintiff, appellee.

John D. Miller, of New Orleans, attorney for defendant, appellant.

JANVIER, J.   This is a suit on an accident policy for $2,000 for loss of life. Plaintiff, widow of the assured, is the beneficiary named in the policy, which stipulated that the protection afforded was "against loss caused by bodily injuries effected directly and independently of all other causes through accidental means."

The petition, read as a whole, charges that the death of the assured was the direct result of a fall he sustained while running to catch a street car.

Defendant company, in its answer, denied that the death was "caused by bodily injuries." It contends that the direct cause of the death was an aneurism of the thoracic aorta.   In the court below judgment was rendered for $2,000, as prayed for.

The facts are that on the morning of May 24 or 25, 1923, deceased, while running to catch a street car, fell to the pavement of the street; that he arose without assistance and leaned for a few moments against a post and then proceeded to his work in the metropolitan branch of the Whitney Trust & Savings Bank; that he continued to work, though probably at times suffering pain, until June 8, 1923, on which day it became impossible for him to carry on his labors and from that day he was more or less confined to his bed, until June 22, 1923, on which day he died; that the immediate cause of death was an aneurism of the thoracic aorta.

The questions for determination are: Was the aneurism caused by the fall, or did it exist prior thereto, and, if it did exist prior thereto, but was stirred into fatal activity by the fall, is such a death within the coverage of the policy?

Defendant contends that there is no proof of an accidental fall and that, in all probability, since an aneurism causes shortness of breath and dizziness, the fall was caused by the aneurism and not by accident.   It is entirely possible that defendant is correct in this contention, but since we believe that, even if the fall resulted from accident, still that accident was not the independent cause of the death, we prefer, rather than to base our decision on the probability that there was no accident, to rest upon what we believe the more certain ground, that the death, even if contributed to by accident, was not caused directly thereby, nor did that cause act independently of all others.

The physician who examined and treated the assured and the expert radiologists and the surgeons, who testified, all agree that the immediate cause of death was the aneurism of the thoracic aorta, which, as described by one of the experts, is:

"* * * the largest blood vessel we have in the body, coming off directly from the

heart, from which all the arterial blood is distributed through the body."

An aneurism, as described by Dr. Henderson, an expert radiologist, is:

"A dilatation or saculation of a blood vessel or tube, occasioned by a weakening of the wall, in which the pressure of the blood stream dissects, separates the various layers, with the formation of blood clots at times, which ultimately ends in rupture and death, unless some inter-current thing happens—an auto might hit the man and kill him—but under ordinary circumstances, they die."

The various doctors differ as to whether an aneurism of the thoracic aorta can be caused by trauma. Drs. Denegre Martin, Henderson and Heninger testified without hesitation that such an aneurism is never caused by trauma, but is always the result of disease. Dr. Henriques, an eminent radiologist, placed upon the witness stand by plaintiff, stated:

"I question in this case this aneurism could have been caused by a fall or blow, although it could have been aggravated."

Dr. Letten, a friend of the deceased, but who did not attend him in his professional capacity, stated that aneurism might be caused by trauma, as did Dr. Walsh, the attending physician, but Dr. Walsh indicated very clearly that he had suspicions that the aneurism might have resulted from disease or infection when he testified that he had questioned the deceased at some length, as to whether or not he had previously suffered from any systemic infection. It appears from this that Dr. Walsh realized that the universally recognized cause of aneurism of the thoracic aorta is disease of some kind, as was testified to by all of the other doctors to whom we have referred.

It would serve no good purpose to review the medical testimony at length. It convinces us that the death resulted from the aneurism and that the aneurism had existed prior to the fall.

But, says counsel for plaintiff, if the fall aggravated the condition and caused death sooner than it would have occurred otherwise, recovery under the policy should be allowed. We do not see how the policy can be so construed. By its very terms it is limited to losses caused by accident directly and independently of all other causes. In Frerichs v. London & Lancashire Indemnity Co., decided by the Supreme Court of Louisiana on November 4, 1929, that court dealt with a situation practically identical with that presented here. There the injury sustained by the accident, if in fact there was an accident, was of slight consequence, and the court found that, but for the arteriosclerosis of which the deceased had been suffering, the accident would not have had fatal results.

There is no doubt that the same situation exists here. But for the aneurism, the fall of the deceased would have had no fatal results and probably no results even serious. It is true that, in the Frerichs case, the court found, as we have stated, that in all probability there was no accident at all, but in spite of that finding the court went thoroughly into the law applicable and said:

"The contention of the attorneys for the appellant is that the traumatic injury, which caused the contusion on the side of the head, superinduced the cerebral hemorrhage because of the arteriosclerosis, and that the insurance company is therefore liable, according to the terms of the policy, notwithstanding the traumatic injury would not have been sufficient to ~ause death or disability but for the arteriosclerosis.

"The insurance, as we have said, was 'against loss (meaning death or disability) caused by bodily injuries effected directly and independently of all other causes through accidental means.' The company, therefore, is not liable in this case unless the bodily injury which caused death was effected directly by accidental means, and independently of the arteriosclerosis which the insured was afflicted with. The bodily injury which caused the death was not the contusion on the side of the head of the insured, but the rupture of the artery, and consequent cerebral hemorrhage; and it can hardly be argued that that injury was effected directly and independently of all other causes by accidental means."

Counsel for plaintiff argues at length that, in order to hold as we do here, and as the Supreme Court did in the Frerichs case, it would be necessary that the policy stipulation should contain, in addition, a stipulation to the effect that there should be no coverage for death "where death has resulted wholly or in part, directly or indirectly, from disease or bodily infirmity." We have carefully studied counsel's brief and must confess our inability to see the distinction between the clause which is in the policy in question here and the clause which counsel suggests should have been in it in order to afford the protection defendant believes it is entitled to.

Being of the opinion that the accident, such as it was, was not the direct and independent cause of the death, the judgment appealed from must be reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's suit.