128 So.2d 806 (1961)
Mrs. Palmire Angelle RICHARD, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 79.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
Plauche & Plauche, by A. L. Plauche, Lake Charles, for defendant-appellant.
*807 Charles C. Jaubert, Lake Charles, for plaintiff-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
TATE, Judge.
The defendant appeals from judgment awarding the plaintiff widow the face amount of $5,000 of an accidental death indemnity coverage afforded by endorsement to an automobile liability insurance policy issued by the defendant insurer to the plaintiff's deceased husband.[1] By the endorsement's insuring agreement the defendant agreed
"To pay the principal sum stated in the declaration in the event of the death of the insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon or while entering or alighting from or through being struck by, an automobile * * *." (Italics ours.)
An exclusion clause provided that the death indemnity coverage did not apply "to loss caused or resulting from disease." The facts are virtually uncontradicted.
The decedent, while driving the insured vehicle, was involved in a collision on the morning of November 15, 1958, but did not complain of serious injury at the time. He sustained a heart attack during the early morning hours of the following day and died on November 19th as a result of another acute heart attack. The medical evidence indicates that the accident, together with the emotional upset caused by it, aggravated a latent cardio-vascular condition (principally, the hardening of the arteries leading to the heart) and contributed to the fatal heart attacks. Prior to the accident, the only symptom of the decedent's pre-existing condition was high blood pressure, for which he had been under medical treatment for a year, but which was well controlled, so that the plaintiff without difficulty performed most of the labor in operating his own 120-acre farm.
The principal contention made by very able counsel for the defendant is that the plaintiff cannot recover because the death primarily resulted from a pre-existing heart condition rather than from the accident, so that such death did not result from accidental injury caused "directly and independently of all other causes" as required by the policy insuring agreement. Succinctly, counsel thus contends that, to allow recovery under the death indemnity clause, the accident rather than the pre-existing disease must be the predominant cause of the death.
As counsel points out, the medical witnesses either were unable to state whether the underlying heart condition or the accident was the predominant factor in causing the death, or else believed that the heart condition rather than the accident was the predominant factor in such death. That is, the medical evidence indicates that the accident and its emotional upset would not have caused the decedent's death had it not been for the underlying latent heart condition.
But such evidence likewise preponderantly indicates that the death would not have occurred had not the accident precipitated or contributed to the heart attacks. Therefore, within the meaning of the policy term as construed by the jurisprudence, the decedent's death, resulting from a precipitation by an accident of a latent heart condition into a fatal heart attack, is one resulting "directly and indirectly of all other causes from bodily injury caused by accident"; and it is not a death excluded from policy coverage as a loss "caused by or resulting from disease".
As summarized by Thibodeaux v. Pacific Mutual Life Insurance Co., 227 La. 722, *808 112 So.2d 423, in rejecting contentions similar to defendant's herein, and in allowing recovery for accidental disability under a similar insuring agreement with a somewhat similar exclusion clause, at 112 So.2d 427, 428 (citations omitted):
"`We think that, if the accident is the proximate cause of the death and sets in motion or starts a latent or dormant disease, and such disease merely contributes to the death after being so precipitated by the accident, it is not a proximate cause of the death nor a contributing cause within the meaning of the terms of the policy.' * * *
"* * * The injury was independent of plaintiff's pre-existing condition, which was awakened by the occurrence.
"A review of authorities convinces us that where an insured has a dormant condition and such condition is awakened by accident, the condition is not deemed the cause of the disability or loss which the insured suffers. * * *"
See also: Lipscomb v. Equitable Life Assurance Society of the United States, 205 La. 738, 18 So.2d 167; DeBlieux v. Travelers Insurance Company, 185 La. 620, 170 So. 14, 15; Carnelious v. Louisiana Industrial Life Insurance Co., Orleans, 18 La.App. 739, 138 So. 533. Cf., Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171.
The Lipscomb case, above cited, is particularly pertinent to the present litigation. The decedent there had been totally disabled for about two years due to a much more serious heart disease than that with which we are here concerned. He ate some stuffed crabs, had an attack of food poisioning, and died.[2] In resisting liability under an insuring clause similar to the present, the insurer in that case contended that there can be no recovery for an accidental death when the decedent suffered from some pre-existing "disease or bodily infirmity which acts as a material contributing factor in causing the * * * death." 18 So.2d 169.
Although five physicians testified that the death resulted from food poisoning, the defendant's own medical witness testified that the decedent died of a heart attack precipitated by the food poisoning, which caused him to gag or strain, and which gagging and straining brought on the heart attack. After summarizing this testimony offered by the defendant insurer, the Supreme Court then concluded that thus even this physician's testimony "in the main supports the theory of the other physicians, which was that the food poisoning was the proximate or direct cause of death." 18 So.2d 171.
In allowing recovery the Supreme Court then quoted with approval statements that, 18 So.2d 172:
"`* * * If, under the pecular * * * condition of health of an individual upon whom it is inflicted, such injury appears as the active, efficient cause that sets in motion agencies that result in death, without the intervention of any other independent force, then it should be regarded as the sole and proximate cause of death.
"`The fact that the physical infirmity of the victim may be a necessary condition to the result does not deprive the injury of its distinction of the sole producing cause. * * *'
"`If the injury, by aggravating the disease, accelerated the death of the assured, then it resulted "directly, independently and exclusively of all other causes."
"`In other words, if death would not have occurred when it did but for the injury resulting from the accident, it was the direct, independent, and exclusive cause of death at that time, *809 even though the death was hastened by the diseased condition.'"
The cases relied upon by the defendant-appellant are either distinguishable or not controlling. Frerichs v. London & Lancashire Indem. Co., 169 La. 182, 124 So. 821, for instance, specifically held that there was no evidence of any traumatic injury that caused, superinduced, or effected the fatal cerebral hemorrhage; and that the cerebral hemorrhage caused the fall rather than that the fall caused the cerebral hemorrhage. Other cases citedfederal and Louisiana court of appeal decisions, such as Kirkwood v. London & Lancashire Indem. Co., Orleans, 14 La.App. 438, 131 So. 703 and Bates v. New York Life Ins. Co., D.C.1946, 31 F.Supp. 813are, where not distinguishable under their facts, nevertheless not controlling as having been decided prior to the later and more definitive expressions of our jurisprudence by our Supreme Court, above-cited.
For the foregoing reasons, at the cost of the defendant-appellant, the trial court's award to the plaintiff is
Affirmed.
NOTES
[1] No longer contested upon appeal is the award of $1,224.23 by the trial court under the medical payments coverage for medical and funeral expenses of the decedent's illness and death.
[2] Food poisoning is considered an accidental event under these insuring agreements. See 18 So.2d 167.