FORET, Judge.
.This is a suit in which plaintiff, Hubert DeCuir, sought to recover disability benefits, plus penalties and attorney fees under an insurance policy issued by the defendant. The trial court rendered judgment in favor of the defendant, dismissing plaintiff’s suit. Plaintiff has appealed from that judgment.
The facts reveal that quite a few years ago, Hubert DeCuir, plaintiff-appellant, hereinafter referred to as DeCuir, purchased a home which was financed through the Federal Land Bank of New Orleans. Old Republic Life Insurance Company, defendant-appellee, hereinafter referred to as defendant, issued a life insurance policy to appellant to cover the loan. Subsequent riders and amendments thereto were made, the pertinent one being a cash disability benefit rider, effective January 1, 1973, which rider was a blanket rider issued to all of the defendant’s policy holders who had existing loans with the Federal Land Bank of New Orleans. No physical examination was required of DeCuir.
Plaintiff had been a school teacher for a number of years. About the year 1970 De-Cuir developed arteriosclerosis, and prior to January 1, 1973 had been hospitalized on at least two occasions and treated for this illness. However, he had always returned to his teaching profession. On May 10, 1973, plaintiff suffered a stroke or cardiovascular accident which left him paralyzed, speechless, and otherwise totally disabled. From that time he has never been able to return to work. There is no dispute between the parties about the facts herein-above mentioned.
POLICY PROVISIONS
The material provisions of the policy relating to this case are as follows:
“ . . . The Company, subject to the provisions, conditions and limitations contained herein, agrees to pay a disability benefit in the event of total and permanent disability of an Insured Debtor as hereinafter provided.”
The policy defines total and permanent disability in the following manner:
“If any Debtor, while insured hereunder, shall become disabled during the . initial term of his insurance or any renewal thereof while this Rider is in force, as a result of bodily injury or sickness, and is thereby prevented .from engaging in any occupation, qr from performing any work *707 for compensation or profit, and shall require regular treatment by a licensed physician other than the Insured Debtor, he shall be deemed to be totally disabled.”
Bodily injury and sickness are defined in the rider as follows:
“Bodily Injury as used in this Rider means bodily injury which causes disability directly and independently of all other causes, and which is effected solely as a result of an accident while this Rider is in effect as to the Insured Debtor.”
“Sickness as used in this Rider means sickness or disease not hereinafter excepted, contracted and commencing after the effective date of the Insured Debtor’s insurance under this Rider and causing disability commencing while this Rider is in force as to the Insured Debtor.”
The policy then contains an exception with the following pertinent language:
“The insurance afforded by this Rider does not cover any disability: .
(3) resulting from an accident incurred, or from sickness contracted and commencing prior to the effective date of the certificate issued to the Insured Debtor.”
The trial court stated:
“The Court feels and holds, that plaintiff’s disability is a result of sickness rather than bodily injury-accident, and that such commenced and was evident with paralysis symptoms and hospitalization shown to exist long before January 1, 1973.”
ACCIDENT-BODILY INJURY ISSUE
The trial court found that no accident-bodily injury had occurred. We disagree. The decision of the trial court contradicts the letter and spirit of Jennings v. Louisiana Southern Life Insurance Company, La., 290 So.2d 811; Ferguson v. H.D.E., Inc., La., 270 So.2d 867. In Jennings the Louisiana Supreme Court was confronted with the issue of whether or not silicosis was a bodily injury or an accident, or at least as much an accident as a disease. We agree with plaintiff that the cardiovascular accident or stroke involved in the case at bar was a much more acute or devastating event than the gradual problems resulting from the silicosis disability in Jennings. From the very definition of silicosis as contained in Jennings, it is obvious that the plaintiff was afflicted with silicosis for a long period of time, and that at a certain point it became disabling. An even stronger case of bodily injury or accident disability is found in this case where DeCuir’s stroke or accident of May 10, 1973, was the acute attack or episode which produced permanent and total disability which had not theretofore existed. Dr. Michel states in his deposition that the plaintiff had no paralysis in January of 1973, and likewise had no paralysis in August of 1972, although he had weakness of the left arm and leg.
In Ferguson v. H.D.E., Inc., supra, the Supreme Court held that there was coverage (hence, an accident) under the Workmen’s Compensation Act when a workman suffered either cerebral thrombosis or cerebral hemorrhage caused by ordinary mental and emotional stress without any physical trauma. Defendant herein attempts to distinguish Ferguson on the basis that being a workmen’s compensation case, and with the legislative directive to interpret the compensation act liberally, that the decision of the Ferguson case was probably justified, but that such liberal interpretation should not apply to an insurance contract such as is involved herein. We do not agree with this contention. See also Lipscomb v. Equitable Life Assurance Society of the United States, 205 La. 738, 18 So.2d 167 where food poisoning was considered an accidental event.
For the foregoing reasons, we disagree with the findings of our brother in the court below where he found that no bodily injury or accident occurred, and we further find that plaintiff’s total and permanent disability was a direct result of the stroke which he suffered on May 10, 1973. We further find that prior to May 10, 1973 plaintiff was not disabled within the terms of the policy in that he was not prevented by bodily injury or sickness from engaging *708 in any occupation, or from performing any work for compensation or profit.
ISSUE OF PRIOR EXISTING ARTERIOSCLEROSIS
Defendant relies heavily on the provision in the rider which states that bodily injury as used in the rider means bodily injury which causes disability directly and independently of all other causes, and which is effected solely as a result of an accident while the rider is in effect. Defendant relies on the Supreme Court case of Fre-richs v. Loudon and Lancashire, 169 La. 182, 124 So. 821 (1921) where an accident policy contained language similar to the above. In Frerichs, the insured died of a cerebral hemorrhage, and plaintiff contended that the insured had bumped his head on a post then clung to the post to avoid falling. The defendant claimed that the insured had a cerebral hemorrhage caused by arteriosclerosis and had grabbed the post to avoid falling, thereby bumping his head. The Court found that the cerebral hemorrhage was a result merely of arteriosclerosis and denied recovery to plaintiff.
Richard v. Southern Farm Bureau Casualty Insurance Co., La.App., 128 So.2d 806 (3 Cir., 1961) is a case holding that a fatal heart attack resulting from an automobile accident, acting on pre-existing high-blood pressure was within the policy insuring death caused by accident, directly and independently of all other causes. Of course in Richard the insured died instead of being disabled as in the case at bar. The medical evidence indicated in Richard that the accident, together with the emotional upset caused by it, aggravated a latent cardiovascular condition (principally, the hardening of the arteries leading to the heart) and contributed to the fatal heart attack. Prior to the accident the only symptom of the decedent’s pre-existing condition was high-blood pressure for which he had been under medical treatment for a year, but which was well controlled so that plaintiff, without difficulty, performed most of the labor in operating his own 120-acre farm. Richard approvingly quotes from Thibodeaux v. Pacific Mutual Life Insurance Company, 237 La. 722, 112 So.2d 423 which rejected contentions similar to defendant’s herein, and allowed recovery for accidental disability under a similar insuring agreement with a somewhat similar exclusion clause at 112 So.2d 427, 428:
“ ‘We think that if the accident is the proximate cause of the death and sets in motion or starts a latent or dormant disease, and such disease merely contributes to the death after being so precipitated by the accident, and is not a proximate cause of the death nor a contributing cause within the meaning of the terms of the policy.’ .
“ . . . the injury was independent of plaintiff’s pre-existing condition which was awakened by the occurrence.
“A review of authorities convinces us that where an insured has a dormant condition and such condition is awakened by accident, the condition is not deemed the cause of the disability or loss which the insured suffered . . . ”
Richard further cites Lipscomb v. Equitable Life Assurance Society of the United States, 205 La. 738, 18 So.2d 167 (La., 1944). In Lipscomb, decedent had been disabled for approximately two years due to a serious heart attack. He ate some stuffed crabs, had an attack of food poisoning, and died. The defendant resisted liability under an insuring clause similar to the one at issue, contending that there could be no recovery for an accidental death when the decedent suffered from pre-existing disease or bodily infirmity which acted as a material contributing factor in causing the death. In allowing recovery the Supreme Court then quoted with approval statements, that, 18 So.2d 172:
“The fact that the physical infirmity of the victim may be a necessary condition to the result does not deprive the injury of its distinction of the sole producing cause .
“If the injury, by aggravating the disease, accelerated the death of the assured, then it resulted ‘directly, indepen *709 dently and exclusively of all other causes.’
“In other words, if death would not have occurred when it did but for the injury resulting from the accident, it was the direct, independent, and exclusive cause of death at that time, even though the death was hastened by the diseased condition.”
In Richard this Court stated that Frerichs v. Loudon and Lancashire Indemnity Company, supra, and other cases cited by the defendant, were, where not distinguishable under their facts, nevertheless not controlling as having been decided prior to the later and more definitive expressions of our jurisprudence by our Supreme Court i. e. Thibodeaux v. Pacific Mutual Life Insurance Company, supra, Lipscomb v. Equitable Life Assurance Society of the United States, supra; see other cases cited in Richard at 128 So.2d 808, and Hendry v. John Hancock Mutual Life Insurance Company, 251 So.2d 500 (1 Cir., 1971), writ refused 259 La. 900, 253 So.2d 222.
Two recent Louisiana Supreme Court cases considered policy language
“against loss . . . resulting from bodily injuries effected solely, directly, and independently of all other causes through external, violent, and accidental means which . . . shall not be caused wholly or in part, directly or indirectly, by any disease, defect, or infirmity.”
In Martin v. American Benefit Life Insurance Company, 294 So.2d 200 (La., 1974) the Court held that where an arthritic condition, even if it was pre-existing, was merely a pre-disposing tendency which might well have never manifested itself and was so aggravated by an automobile accident as to cause insurance disability, insured was entitled to recover under the policy. We quote from Page 202 of that decision as follows:
“The rule to be applied in such cases was stated to be that if there is a pre-existing disorder or illness at the time an injury is received, recovery may be had if the injury is severe enough to have caused considerable damage and if the disease was not the proximate cause or principal cause of the disability.”
Martin cited Thibodeaux v. Pacific Mutual Life Insurance Company, supra, and the authorities cited therein, and also the case of Moore v. The Prudential Insurance Company of America, 278 So.2d 481 (La.1973). See also Murphy v. Continental Casualty Company, 269 So.2d 507 (La.App. 1 Cir., 1972).
In Moore the policy language mentioned above was considered. The Court held that where a disease of osteomyleitis which had contributed to a prolonged treatment required to bring about the union of prior fractures of a leg had become dormant pri- or to the third fracture, and amputation of the leg was performed because of the probability that the osteomyleitis infection would flare up after the third fracture, accidental fracture rather than osteomyleit-is was the predominant, moving, or proximate cause of amputation, and the policy, which excluded coverage for loss resulting from disease, provided coverage for the amputation. In Moore the Court was considering an accidental death and dismemberment policy. The Court stated that the authorities generally agree that the insurer is liable if an accident is the proximate cause of the death or disability, and it recognized the difficulty which is presented when the insured is afflicted with a pre-existing disease at the time of the accident.
We find that the above cited jurisprudential authorities tacitly overruled, or simply declined to follow the reasoning of Frerichs, supra. To quote from Mitchell v. Equitable Equipment Company, 330 So.2d 919 (La.1976) wherein Justice Tate quotes from 13 Appleman, Insurance Law and Practice, Section 7440, pp. 170-171:
“The meaning of disability clauses in insurance policies must be determined largely from the language of the contract itself, interpreted in the light of the particular circumstances of each case. A disability policy is to be construed as a whole, and if such construction be reasonable, to receive that construction which *710 would give effect to every part of the policy. Such provisions should be construed reasonably and given a practical application; or, as otherwise stated, should be given a reasonable, rather than a literal, construction.
“A disability contract must be construed, if possible, so as not to defeat a claim to benefits, since the law does not favor forfeitures. The paramount consideration of the parties at the execution of the contract being insurance against total and permanent disability, any construction of the policy which nullifies such consideration should be avoided . . ”
Having reached the above conclusions, we need not consider plaintiff’s alternative claim under the sickness provisions of the policy.
Accordingly, for the reasons assigned, the judgment of the trial court is reversed, and it is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Hubert DeCuir, and against defendant, Old Republic Life Insurance Company, in the amount of $170 per month, beginning May 10, 1973, and each month thereafter, not to exceed $3,600 per year for five years, or a total of $18,000, with legal interest on each past due monthly payment from due date until paid.
On oral argument, counsel for plaintiff did not press the claim for penalties and attorney fees. We find that an award for penalties and attorney’s fees is not appropriate under the circumstances.
All costs of these proceedings on trial and on appeal are assessed against defendant, Old Republic Life Insurance Company.
REVERSED AND RENDERED.