**Mary Neeley BARNEWOLD, Widow of Andrew Barnewold, Jr.**

v.

**The LIFE INSURANCE COMPANY OF NORTH AMERICA and the Monumental General Insurance Company.**

Civ. A. No. 85–3075.

United States District Court, E.D. Louisiana.

April 10, 1986.

Dale C. Wilks, New Orleans, La., for plaintiffs.

Virginia Roddy of Phelps, Dunbar, Marks, Claverie & Sims, Warren Schultz, Jr., Joseph Babington and Covert Geary of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court are cross-motions for summary judgment brought by the plaintiff, Mary Neeley Barnewold, and each of the defendants, the Life Insurance Company of North America (LINA), and the Monumental General Insurance Company (Monumental). The facts are undisputed, and the parties agree that the case should be decided on summary judgment.

Plaintiff sues for the accidental death benefits of two life insurance policies issued on the life of her deceased husband, Andrew J. Barnewold, Jr.. She is the beneficiary.

Andrew J. Barnewold, Jr., was 38 years of age and was employed as a diesel mechanic for New Orleans Shipyards, Inc. On the day before his death, June 10, 1982, he and a co-worker, Louis Santiago, worked a ten and a half hour day overhauling two diesel engines in the M/V Ann Gladders. The engine room of the vessel in which they were working was not airconditioned; it was extremely hot; the outside temperature reached approximately 93°F. The engine overhaul required heavy manual labor in a cramped area. Decedent had to stand over the engine and remove twelve inserts from each cylinder and replace them by pounding the new inserts into the engine with a 4 × 4 piece of wood.

Later, decedent went home after finishing the strenuous work day and declined supper; he had no appetite, and complained of stomach pains. At approximately 2:00 a.m. plaintiff was awakened by the sound of her husband choking. Mr. Barnewold was taken to Ochsner Foundation Hospital and at 3:10 a.m. on June 11, 1982, was pronounced dead due to an acute myocardial infarction.

An autopsy was performed on the decedent which revealed that he was suffering from arteriosclerosis.

The 24th Judicial District Court for the Parish of Jefferson rendered a judgment on April 30, 1984, holding that Andrew J. Barnewold's death was compensible under the Louisiana Workmen's Compensation Act, and the Louisiana Fifth Circuit Court of Appeals affirmed the judgment of the district court on January 14, 1985.

At the time of decedent's death on June 11, 1982, both Life Insurance Company of North America and Monumental had in force and effect policies of insurance on Andrew J. Barnewold.

Plaintiff submits that her deceased husband over-exerted himself because of his working conditions and suffered an "accident" within the meaning of the policies. Plaintiff contends that she is therefore entitled to the accidental death benefits set forth in those policies.

Plaintiff relies on the decisions of the State district court and the Louisiana Fifth Circuit Court of Appeals, which held that Mr. Barnewold's death was compensible under the Louisiana Worker's Compensation Statute, LSA R.S. 23:1021 et seq. Those courts ruled plaintiff had carried the burden of showing a causal link between the accident and Mr. Barnewold's employment and, further, that the exertion was of a degree greater than that generated in everyday non-employment.

Plaintiff contends that Louisiana law applies to the Monumental policy since there was no mention in Mr. Barnewold's policy that the law of another state would apply. (Furthermore, LSA–R.S. 22:629 specifically prohibits the application of a choice of law provision in a group life insurance policy such as this.)

Under some Louisiana cases, in some settings, the deceased's over-exertion and the acute myocardial infarction which occurred shortly after his returning home could constitute an accidental injury. See *Jennings v. Louisiana And Southern Life Ins. Co.,* 290 So.2d 811 (La.1974); *Ferguson v. HDE, Inc.,* 270 So.2d 867 (La.1972); *Estate of Lohan v. Mutual of Omaha Ins. Co.,* 469 So.2d 365 (La.App. 2nd Cir.1985); *Decuir v. Old Republic Life Insurance Co.,* 342 So.2d 705 (La.App. 3rd Cir.1977) writ denied, 344 So.2d 670 (La.1977).

Plaintiff also contends that the existence of a preexisting condition such as the deceased's arteriosclerosis does not defeat the plaintiff's claim. *Lipscomb v. Equitable Life Assur. Soc. of United States*, 205 La. 738, 18 So.2d 167 (1944); *Hendry v. John Hancock Mutual Life Insurance Co.*, 251 So.2d 500 (La.App. 1st Cir.1971) writ refused, 259 La. 900, 253 So.2d 222; *Richard v. Southern Farm Bureau Casualty Ins. Co.*, 128 So.2d 806 (La.App. 3rd Cir. 1961).

Plaintiff concludes, therefore, that the benefits are due under both policies.

The defendants oppose the plaintiff's motion for summary judgment and have filed cross motions for summary judgment. Defendants argue that they are not liable for benefits because Mr. Barnewold's death did not occur under circumstances which are covered by the policies.

LINA argues that its policy does not provide disability or workmen's compensation benefits. Rather, the LINA policy was a "Personal Accident Insurance Plan" which insured Mr. Barnewold "against the specified loss described in the Description of Coverage resulting directly and independently of all other causes from bodily injuries caused by an accident occurring while this policy is in force...." The defendant points out that the policy contains an express exclusion for losses caused by or resulting from "illness" or "disease".

Similarly, the Monumental policy provides Accidental Death Benefits which become due if an insured has an accident which results in a death occurring "as the direct result of an accidental bodily injury". Further, the policy defines "injury" as "bodily injury caused by an accident occurring while this policy is in force as to the Insured and resulting directly and independently of all other causes...."

It is important to note both policies require a threshold of causation independent of all other causes; concurrent events are not covered.

Both defendants dispute the plaintiff's entitlement to the proceeds of the policies.

They contend that Mr. Barnewold did not die as a result of bodily injuries caused by an accident directly and independently of all other causes. Defendants deflect the state court's worker's compensation award by claiming that the standards applicable in this case are not the same as those applied in determining one's entitlement to benefits under the worker's compensation statute. In this case, it is urged, accident means "that which is understood in its most common usage, that is, as an immediate or traumatic incident inflicted upon the human body causing injury." *Fruge v. First Continental Life and Acc. Ins. Company*, 430 So.2d 1072, 1075 (La.App. 4th Cir.1983), writ denied 438 So.2d 573 (La.1983). Defendants argue that the case should be viewed under the "reasonable man" test applied in *Schonberg v. New York Life Ins. Co.*, 235 La. 461, 104 So.2d 171 (1958), which considered whether the loss was so unforeseen or extraordinary that it would generally be considered an accident. Defendants contend that Mr. Barnewold was suffering from a disease or sickness, a heart disease, which is excluded under the express terms of the policies. Thus, defendants urge, there was no "accident" which precipitated or accelerated a sickness that would enable the plaintiff to recover under the policies; decedent did not have an accident, but, rather, died from a myocardial infarction caused by heart disease.

The Court is persuaded that the defendants' motions for summary judgment are well taken and the motions are GRANTED. The Court denies the plaintiff's motion for summary judgment and holds that, under the facts of this case, the plaintiffs are not entitled to the proceeds of the policies. The policies do not cover the circumstances of Mr. Barnewold's death.

Under LINA's policy, eligible persons were insured against "specified loss described in the description of coverage [accidental death] resulting directly and independently of all other causes from bodily injuries caused by accident occurring while this policy is in force...." Further, the policy, by its clear terms, does not apply to losses "caused by or resulting from any

one or more of the following: ... illness, disease, .... ."

The language in the Monumental policy is similar: "Injury means bodily injury caused by an accident occurring while this policy is in force as to the insured and resulting directly and independently of all other causes in loss described in this policy...." The limitation on the benefits specifically prohibits payments "for any loss resulting directly or indirectly, wholly or partly, from ... sickness".

Both insurance policies provide accidental death benefits. Both policies cover situations in which injury is caused by an accident, and death occurs directly and independently of all other causes. Death caused by sickness, illness or disease is clearly not covered. By their terms, these policies do not provide disability insurance, nor do they provide worker's compensation benefits.

■ The state forums decided the compensation claim favorably and held that employment exertion was a cause of the heart attack. But the standards governing worker's compensation cases differ from the standards applicable in this case and, therefore, the Court is not persuaded by the plaintiff's success in the state court suit. See *Fruge v. First Continental Life & Accident Insurance Company,* 430 So.2d 1072, 1075 (La.App. 4th Cir.1983) writ denied, 438 So.2d 573 (La.1983).

The standards employed by the state court were clearly stated to be those contained in *Guidry v. Sline Industrial Painters, Inc.,* 418 So.2d 626, 632 (La. 1982). "This conclusion that a heart accident must be casually related in part, however slight, to the employment," the Court said, "is no new or novel approach to applying the compensation law. It is implicit, and occasionally express, in the cases discussed hereinabove. Professors Malone and Johnson observe in their treatise, supra at 437–39; '[t]he required "injury by accident" has thus been found to have occurred in instances of heart attack ... even when these occur during the employee's regular work in the regular way, if a caus-al relationship between working conditions and disability can be found,' ".

For purposes of worker's compensation claims, such theories speak more to standards of causation, not to the meaning of "accident".

We are not confronted with a compensation claim but, rather, one for accidental death benefits. In this case, the Court must find that an accident occurred, and caused Mr. Barnewold's death, directly and independently, of all other causes, to the exclusion of sickness or disease. This Court is guided by the reasoning employed in *Fruge v. First Continental Life & Accident Insurance Company,* 430 So.2d 1072, 1075 (La.App. 4th Cir.1983). That Court held:

"Although plaintiffs argue that aneurysms, heart attacks, strokes, etc., are compensable accidents under the Louisiana Workers' Compensation Act, we find that there is a clear distinction between a claim for Workers' Compensation benefits and insurance benefits under this policy. We are only concerned with its meaning under this Med-Income insurance policy. We conclude therefore, that the meaning of 'accident or bodily injury' is that which is understood in its most common usage, that is an immediate or traumatic incident inflicted upon the human body causing injury. [cites omitted] From the record, we fail to find that any such accident occurred."

*Fruge* contemplates an incident of immediacy or trauma; some positive event or influence.

As in *Fruge,* this Court has examined decedent's health history and the cause of death, an acute myocardial infarction. Andrew Barnewold died as a result of an acute myocardial infarction of the left ventricular wall of the heart. He also suffered from coronary arteriosclerosis; there were areas of up to 80% narrowing of the right coronary artery and 50% narrowing of the left coronary artery. Mr. Barnewold's heart was markedly enlarged. The autopsy further revealed that there was a recent death of part of the heart muscle

resulting from occlusion of a small vessel. The occlusion occurred within 24 to 48 hours before Mr. Barnewold died. The pathologist could not be certain whether that particular occlusion was the fatal factor. A large area of scarring also indicated that the decedent had had some previous death of myocardial fibers at some remote time, undeterminable by Dr. Hunt. Dr. Hunt suspected that Mr. Barnewold suffered from hypertension as well as from coronary artery disease.

 To hold Mr. Barnewold's death was caused solely by an accident would be a clear distortion of what occurred. The test adopted in *Schonberg v. New York Life Insurance Co.*, 235 La. 461, 104 So.2d 171, 177 (1958) applies here. The *Schonberg* Court used a common sense standard: "whether the average man under the existing facts and circumstances, would regard the loss so unforeseen, unexpected, and extraordinary that he would say it was an accident." The decedent weighed 300 pounds; he had a history of heart disease; he worked 10 hours in very hot, cramped conditions, had an infarction and died. Although doctors were unable to pinpoint a triggering event, the result would not seem unexpected nor unforeseen under the circumstances. Under the standards of *Fruge* and *Schonberg,* the Court cannot hold that an "accident" occurred which would entitle plaintiff recovery on the insurance policies.

May it nevertheless be said that decedent's illness was somehow triggered by some outside event which would allow recovery? I think not.

 Decedent was clearly suffering from heart disease, a condition which

would not bar recovery if he had suffered an accident. In Louisiana, "[t]he rule to be applied in such cases was stated to be that if there is a pre-existing disorder or illness at the time the injury is received, recovery may be had if the injury is severe enough to have caused considerable damage and if the disease was not the proximate or principal cause of the disability." *Martin v. American Benefit Life Insurance Co.*, 294 So.2d 200, 202 (La.1974). But the dormant or pre-existing condition must be awakened by the event so that the event, not the disease, may be said to be the directly culpable precipitant. See, *Thibodeaux v. Pacific Mutual Life Insurance Co.*, 237 La. 722, 112 So.2d 423, 428 (1959).

Plaintiff urges this Court to apply the analogy of the silicosis victim, whom courts have held to be suffering from injury as well as disease. *Jennings v. Louisiana and Southern Life Insurance Co.*, 290 So.2d 811 (La.1974). The Court finds *Jennings* is unpersuasive in the context of the present case.[1]

Accordingly for the foregoing reasons,

IT IS ORDERED:

Plaintiff's Motion for Summary Judgment is DENIED.

Defendants' Motions for Summary Judgment are GRANTED and plaintiff's Complaint is DISMISSED with prejudice, each party to bear their own costs. Judgment will be entered.[2]

---

**1.** *Jennings* involved a disability income policy, with concepts vastly different than the life policies under consideration. Benefits could be paid for "disease" or "injury", but the payment terms differed. The meaning of "accident" was not at issue. Unlike the policies held by the Barnewolds, concurrent causes of disability from both sickness and injury were contemplated in the *Jennings* policy. Thus, although some of the dictum in *Jennings* is temptingly applicable, that case contains conceptual differences that should be restricted to its facts and to the lesser standards implicit in statutory tests of recovery under workers' compensation statutes

(which the Court applied to disability policies). *Compare Ferguson v. HDE, Inc.*, 270 So.2d 867 (La.1972) *with Danziger v. Employers Mutual Liability Insurance Co.*, 245 La. 33, 156 So.2d 468 (1963) (overruled).

**2.** Although the Court has applied Louisiana law to the issues in this case, the result would be the same under the law of Tennessee, which Monumental argues is applicable to its policy. It is not necessary to reach the choice of law question.