LABORDE, Judge.
Francis D. Hebert died of a heart attack. His heirs (plaintiffs) filed suit against Hebert’s employer, Hughes Tool Company, and its insurer, Aetna Life Insurance Company (Aetna), seeking benefits provided under various insurance policies.[1] The trial court denied benefits to plaintiffs under an Accidental Death and Dismemberment policy issued by Aetna. Plaintiffs appeal that decision. We affirm.
FACTS
Francis D. Hebert was employed in a managerial position with Hughes Tool Company. He was 49 years old. On January 11, 1984, he went to lunch with some co-workers. He returned to work and went into his office. Sometime later, co-workers heard a “bump” in Hebert’s office. Hebert then appeared outside of his office. He staggered down the hall to a couch in the reception area, fell onto the couch and died. The cause of death was diagnosed as a massive heart attack.
The trial court found that Hebert’s death was due to natural causes and thus was not covered by Aetna’s Accidental Death and Dismemberment policy. On appeal, plaintiffs contend that Hebert’s death should have been found as “accidental” by the trial court and thus should have fallen under the policy’s coverage. Plaintiffs also claim that an incontestability clause of the insurance policy, in effect, makes the policy’s exclusions inapplicable to heart disease. Finally, plaintiffs claim that the trial court erred in taxing deposition costs and expert witness fees as costs.
ACCIDENTAL DEATH POLICY
The Accidental Death and Dismemberment Policy was issued by Aetna Life Insurance Company to employees of Hughes Tool Company.[2] The pertinent language of the policy provides:
“Section 3. Exclusions
The insurance provided under this Title does not include, and no payment shall be made for, any loss resulting from any injury caused or contributed to by, or as a consequence of, any of the following excluded risks, even though the proximate or precipitating cause of loss is accidental bodily injury:
(a) bodily or mental infirmity; or
(b) disease, ptomaines or bacterial infections, of any kind, except a pus-forming infection attributable solely to and occurring as the proximate result of an injury not excluded by this Title ...”
The plaintiffs contend that Hebert’s heart attack was caused by stress due to the high pressure of his managerial job. He had recently been promoted and plaintiffs presented much testimony demonstrating the amount of stress with which Hebert dealt. They also contend that Hebert may have tripped over a couch in his office and this accident could have induced the heart attack. However, evidence concerning this latter contention is minimal. Plaintiffs cite several Worker’s Compensation cases where stress-induced heart attacks causally linked to one’s work have been held as compensable accidents under Worker’s Compensation insurance policies. Plaintiffs assert that the definition of “acci *791 dent” used in Worker’s Compensation cases should be applied to the Accidental Death and Dismemberment policy issued by Aetna.
Aetna asserts that Hebert’s death was caused by the disease of arteriosclerosis (hardening of the arteries). They point out that Hebert had been seeing Dr. Norman Dykes since 1980, initially due to chest pains. Dykes’ examinations revealed that Hebert had high blood pressure, a high cholesterol count, was obese (5'10", 240 pounds when Dykes first saw him), had a family history of heart disease, and smoked cigars. Dykes testified that all of these are recognized risk factors for heart disease. Aetna thus contends that Hebert’s death was caused solely by heart disease and was not accidental. Aetna also asserts that the exclusion for death due to disease under the Accidental Death and Dismemberment policy is applicable.
Louisiana courts have found stress induced heart attacks to be covered “accidents” under Worker’s Compensation Insurance policies. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982), involved a 53 year old industrial painter who died after suffering an on-the-job heart attack. In awarding compensation benefits to his widow, the court explained:
“In other words if the activities in which the worker with a pre-existing heart disease is engaged, whether for his job usual and customary or not, entail exertion, stress or strain greater than would be involved in everyday non-employment life and he experiences a heart accident, he has made a prima facie showing that the accident arose out of or was connected with, the employment.” (footnote omitted).
Id. at 633.
Although an on-the-job heart attack may be a compensable “accident” under Louisiana’s Worker’s Compensation laws, there is a clear distinction between those laws and the laws applicable to a claim for benefits under an Accidental Death policy. Barnewold v. Life Insurance Company of North America, 633 F.Supp. 432, 435 (E.D.La.1986), affirmed 801 F.2d 396 (5th Cir.1986); see also Fruge v. First Continental Life and Accident Insurance Company, 430 So.2d 1072 (La.App. 4th Cir.), writ denied, 438 So.2d 573 (La.1983). Therefore, those cases interpreting the definition of an “accident” under Worker’s Compensation laws are inapplicable to the present matter.[3]
In defining an “accident” under a disability income policy the court in Bamewold quoted Fruge in stating:
“We conclude therefore, that the meaning of ‘accident or bodily injury’ is that which is understood in its most common usage, that is as an immediate or traumatic incident inflicted upon the human body causing injury.”
Id. at 435.
In the case at hand, the trial court found that Hebert suffered no accidental trauma or injury prior to the heart attack. Although it recognized that Hebert was under stress and did have a high pressured job, the court found that there was no accident precipitating his death. We agree with the trial court’s reasoning. Plaintiffs presented no evidence (except the possibility that Hebert tripped over a couch) of any traumatic incident leading to Hebert’s death. Plaintiffs did present evidence that Hebert was under much stress. In response, Aetna presented the testimony of Dr. Charles Odom, a Forensic Pathologist, who was accepted as an expert in that field. Dr. Odom testified that he had reviewed Hebert’s autopsy and concluded that Hebert died of a heart attack caused by arteriosclerosis. Dr. Odom testified that it was doubtful that stress could be implicated as a cause of Hebert’s death.
*792 After reviewing the record, we find that the evidence is clear that Hebert was in a stressful situation at work. However, we find Dr. Odom’s testimony to be persuasive and we do not find that such stress should be considered as an “accident” under the Aetna policy. It is the plaintiffs’ burden to prove by a preponderance of the evidence that an accident was the predominant cause of death to recover under the policy. Estate of Lohan v. Mutual of Omaha Insurance, 469 So.2d 365 (La.App.2d Cir.1985). Plaintiffs failed to meet this burden. Therefore, we hold that Hebert’s death does not fall under the coverage of the Aetna Accidental Death and Dismemberment policy.
Furthermore, the Aetna policy contained an exclusion for any loss caused by a disease. The evidence presented at trial preponderates that Hebert suffered from heart disease. Even though he did have such a disease, plaintiffs were not barred from recovery if they could have shown that an accident occurred. If an accident awakened a dormant or pre-existing condition (the heart disease) so that the accident, and not the disease, could be said to have precipitated Hebert’s death, then the policy exclusion would be inapplicable. Barnewold, 633 F.Supp. at 436. However, plaintiffs were clearly unable to prove that any accident occurred. Thus the exclusion under the Aetna policy may also have been applicable.
INCONTESTABILITY CLAUSE
Plaintiffs next claim that an incontestability clause in the Aetna policy waives any defense based upon the fact that Hebert suffered from arteriosclerosis (a disease not specifically described under the policy’s exclusions). The clause in the Aetna policy basically reproduces the provisions of LSA-R.S. 22:213(A)(13)(b). Since we have already held that the Aetna policy does not provide coverage for Hebert’s heart attack because it is not considered as an accident, the incontestability clause is irrelevant. Coverage is denied not due to the disease exclusion, but based upon the fact that Hebert’s death was not caused by an accident.
COURT COSTS
As a final assignment of error plaintiffs assert that the trial court erroneously taxed as costs, expert witness fees and costs of depositions. Plaintiffs did not brief this assignment of error.
Rule 2-12.4 of the Uniform Rules for Courts of Appeal provides (in pertinent part):
“All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.”
Even if we do not consider this assignment of error as abandoned, without adequate reasons given by plaintiffs, we are unable to find the taxing of costs by the trial court to be erroneous. The trial court may assess costs in any manner that it considers equitable. La.C.C.P. Art.1920. We hold that the trial court did not breach its discretion.
For the foregoing reasons the decision by the trial court is affirmed in all respects. Costs of this appeal are taxed to plaintiffs.
AFFIRMED.
FORET, J., dissents adhering to Decuir v. Old Republic Life Ins. Co.

. Hebert’s children and heirs received $67,000 under a Worker’s Compensation policy. Plaintiffs also recovered $70,500 under a life insurance policy issued by Aetna.

. The policy provides that it should be construed in accordance with the laws of the state where delivered. The policy was delivered to Hughes Tool Company in Texas. However, plaintiff resided in and was employed in Louisiana, and suffered the heart attack in his office in Louisiana. There is nothing to indicate that he knew of any provision in the policy limiting its application to Texas law. The provisions of the Louisiana Insurance Code are thus applicable. See Scanlan v. Mutual Benefit Life Insurance Company, 371 So.2d 356, 359 (La.App. 4th Cir.1979).

. Plaintiffs refer to Decuir v. Old Republic Life Insurance Company, 342 So.2d 705 (La.App. 3d Cir.), writ denied, 344 So.2d 670 (La.1977), which relied on Worker’s Compensation cases in holding that a stroke caused by arteriosclerosis was an injury or accident for which disability was covered under a life insurance policy. Bamewold considered Decuir, but held that the standards governing Worker’s Compensation "accidents” differed from those applied to the accidental death policy confronting the court. Bamewold held that the decedent’s heart attack, which was induced by arteriosclerosis, was not an "accident" compensable under the policy. We agree with Bamewold.