270 So.2d 867 (1972)
264 La. 204
Thomas Huey FERGUSON
v.
HDE, INC. and Vancouver Plywood Company, Inc.
No. 52044.
Supreme Court of Louisiana.
December 11, 1972.
Rehearing Denied January 15, 1973.
*868 Godfrey & O'Neal, John P. Godfrey, Many, for plaintiff-applicant.
Smitherman, Smitherman, Lunn & Hussey, Merritt B. Chastain, Jr., Shreveport, for defendants-respondents.
DIXON, Justice.
This is a workman's compensation case based on a claim of disability from "a stroke"either a cerebral thrombosis or a cerebral hemorrhage.
Recovery was denied by both the trial court and the Court of Appeal, 254 So.2d 691, solely on the basis of the holding in Danziger v. Employers Mutual Liability Insurance Company of Wisconsin, 245 La. 33, 156 So.2d 468.
Plaintiff, a little over forty at the time of the accident, was a sawmill worker. He had six children living in the home he provided. While living and working at Zwolle he received what he considered to be an offer of a good job working for the defendant, HDE, Inc., in Oakdale, as a millwright and extra sawyer. Plaintiff accepted the new employment and had been working for about two weeks when the incident occurred which is the basis for his claim.
When the plaintiff was given his check on the job for the first pay period, it was substantially less than he expected. He became angry, walked into the office, threw the check down and engaged in any angry discourse concerning his pay, in the course of which, the plaintiff testified, he felt a flash of pain which was followed by paralysis. He left the office and was only able to traverse a short distance before he became unable to walk. Plaintiff was immediately carried to the doctor's office and was given medical treatment.
The Danziger case (the basis of the denial of compensation to Ferguson) involved a workmen's compensation claim for disability as a result of cerebral thrombosis or cerebral embolism suffered by the managing director of a corporation. The incident occurred while Danziger was at home; he was awakened by a telephone call informing him of the unexpected death of one of the three directors of the corporation. Immediately Danziger made several telephone calls as a result of the information, and made an effort to obtain plane reservations. At this point, he became ill.
The Court of Appeal held that Danziger suffered a stroke as a result of the emotional shock and the activity in notifying other employees and in preparing to attend the funeral, and held this to be a compensable "accident." This court pretermitted the question of whether Danziger's "accident" arose out of or in the course of his employment, and whether it had a causal connection with the employment. We held that, since Danziger did not perform manual labor, the "extension" of the provisions of the workmen's compensation act to cover disability from heart ailments was not applicable. We held that Danziger's stroke was not an "accident." The Danziger opinion concluded that paragraph (7) of R.S. 23:1021 defined "injury" in such a way as to eliminate disabilities stemming entirely from emotional causes.
The facts of the Danziger case might possibly be distinguished from the facts of the case before us.[1] Nevertheless, the disabling *869 incident in the Danziger case and in the case before us was the result of emotional shock or excitement. There was a similar diagnosis. Although we might reach the same conclusion as in Danziger in another case with facts identical to those in Danziger, we find the rationale of the Danziger case to be in conflict with the workmen's compensation act.
The portions of our workmen's compensation statute applicable to the problem before us are R.S. 23:1021(1) and (7):
"(1) `Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.
"(7) `Injury' and `Personal Injuries' includes only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted."
Plaintiff is entitled to compensation benefits if we find that he has received "personal injury by accident arising out of and in the course of his employment,. . ." R.S. 23:1031.
It is well established in Louisiana that extraordinary physical stress and strain is not essential to the definition of disabling accident: when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816.
We have no difficulty in concluding in the case before us that Ferguson suffered an injury arising out of and in the course of his employment. Although he received no blow or trauma, and although he was not injured because of physical stress or strain, the medical testimony is clear that he suffered "violence to the physical structure of the body," without which he would not have been paralyzed. The injury was accidental because it was unexpected and unforeseen. It happened suddenly and violently. It produced at the time objective symptoms of injury.
The dispute seems to be whether there must be an accidental cause, or an accident which produced the damage to the physical structure of the employee, or whether the accidental result is sufficient to satisfy the requirements of the phrase "accidental injury." Our statute uses the same phrase found in the British formula, "personal injury by accident arising out of and in the course of the employment."[2]
In determining whether the disability is "by accident," the British very early adopted the "accidental result" approach:
"Well before any American states copied the `injury by accident' terminology of the British act, it was settled beyond question in England that such a claim was compensable, on the theory that, although the cause was routine and not accidental, the effect on the employee was unexpected and catastrophic, and therefore accidental. The exact situation was passed upon by the House of Lords in 1903 and again in 1910. In the latter case, the routine exertion of tightening a nut caused an aneurysm to break, and this was held to be injury by accident.

*870 In February 1912, Professor Bohlen wrote an article which was widely read as a guide to drafting of compensation acts, pointing out these cases as establishing the authoritative meaning of the phrase. Yet, in spite of the well-settled doctrine that a legislature, in adopting a statute which has already been authoritatively construed, is deemed to have adopted the construction, a long battle has been fought in the United States on this exact issue, and is still being fought."[3]
Louisiana is among the many jurisdictions that look to the employee (with rare exceptions) to determine whether there was an unexpected and catastrophic effect upon him in deciding that the injury is accidental.[4] Is there a valid distinction between injuries which occur in the course of some physical exertion, however slight, and injuries which occur because of emotional shock, fright or stress? The violence to the physical structure of the body is the same. The sudden and unexpected nature of the occurrence is the same. The catastrophic effect upon the workman is the same. When the events are clearly job-connected, there seems to be no reason to sustain a claim for a heart attack or a stroke caused by some ordinary physical exertion and to reject a claim caused by extraordinary mental or emotional exertion.[5]
The vast majority of other jurisdictions hold that there is no impediment to compensability merely because the physical injury is caused by mental stimulus, as distinguished from physical stimulus.[6] "Such a conclusion" (that physical injury caused by mental stimulus is not compensable), says Professor Malone, "would be opposed to the overwhelming weight of authority in other states whose statutes are not distinguishable from ours." Malone, supra, note 1, at p. 99.
In the case before us, the Court of Appeal, constrained to follow Danziger v. Employers Mutual Liability Insurance Company of Wisconsin, supra, denied recovery on the ground that "emotional strain or upset cannot be the cause of an accident under our workmen's compensation act." To the extent that the Danziger case held that there can be no "accident" and no "injury" when the disability results solely from extraordinary mental or emotional causes, it is overruled.
Because the prior courts made no determination of the plaintiff's disability, it becomes necessary to remand the case to the Court of Appeal to determine the extent of plaintiff's disability.
For these reasons, the judgment of the Court of Appeal is reversed, at defendant's costs, and the case is remanded to the *871 Court of Appeal for further proceedings not inconsistent with this opinion.
McCALEB, C. J., dissents with written reasons.
HAMLIN, J., dissents.
SUMMERS, J., dissents and assigns reasons.
McCALEB, Chief Justice (dissenting).
As I read the majority opinion it does not construe the law as written (ordinarily the function of a court of last resort) it proclaims a new policyvizthat recovery will be allowed if the sickness or seizure, no matter what the cause may be, occurs during the hours of employment. This is not workmen's compensation; it is an enactment of disability insurance.
For my part, I adhere to the views expressed in Danziger v. Employers Mut. Liability Ins. Co. of Wis., 245 La. 33, 156 So.2d 468, in which the Compensation Act was interpreted according to the ordinary usage of the language employed therein by the framers of the law.
I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by McCALEB, C. J.
NOTES
[1] See W. Malone, Louisiana Workmen's Compensation Law and Practice § 220 (1964 Supp.): "Under the special facts of the Danziger case a denial of compensation may have been entirely appropriate." . . .

"Since the emotional distress involved in Danziger's case was in the nature of grief, worry, frustration, and general concern, the court could have disposed of the compensation claim simply and effectively by announcing that the risk of bodily harm through general concern and distress under such circumstances cannot appropriately be regarded as one that arises out of the employment and that it falls outside the protective purpose of the compensation statute." (pp. 95-96.)
[2] 1A A. Larson, Workmen's Compensation Law § 37.20, p. 514 (1967).
[3] 1A A. Larson, Workmen's Compensation Law § 38.10, pp. 519-520 (1967).
[4] See W. Malone, Louisiana Workmen's Compensation Law and Practice § 213 (1951), for a comprehensive collection of cases in which compensation was allowed for such "accidents" as hernias, heart attacks and back ailments from normal exertion, lead poisoning from paint fumes, poison ivy inflammation, the "bends," heart attack caused by fright, and heat stroke. At p. 264, supra, Professor Malone concludes: "So long as a definite event can in some way be carved out of the general working experience of the employee, and this event can be pointed to with some assurance as the connecting link between employment and injury, the courts have been satisfied to classify such an event as an `accident.'"
[5] "It seems unthinkable that, if hypertension may be aggravated either by physical or mental and emotional exertion, courts should be willing to accept the physical as causative, but reject, as not accidental, a disability, proximately resulting from mental and emotional exertion." Insurance Department v. Dinsmore, 233 Miss. 569, 102 So.2d 691, 694, affirmed on rehearing, 104 So.2d 296.
[6] See cases collected in 1A A. Larson, Workmen's Compensation Law § 42.21 (1967, 1972 Supp.). See also A. Larson, Mental and Nervous Injury in Workmen's Compensation, 23 Vand.L.Rev. 1243 (1970).