ELLIS, Judge.
This is a workmen’s compensation suit in which plaintiff Southern Lyons is seeking benefits for permanent and total disability. Defendant is his employer, Crescent Construction Company, also known as Crescent Construction Company of Baton Rouge, Inc., also known as Carmena Contracting Company, Inc. After trial on the merits, judgment was rendered in favor of plain *245 tiff and defendant has appealed. Plaintiff has answered the appeal, asking for statutory penalties and attorney’s fee.
Southern Lyons, a man of about 65 years of age, was a long time employee of defendant, with no previous history of illness. On May 11, 1970, while at work, he suffered a myocardial infarct for which he was hospitalized. He has never since returned to work.
One of the expert medical witnesses who testified had treated plaintiff for a circulatory ailment, which was disabling and apparently unconnected to the myocardial infarct, which he testified had healed. However, he testified that he would not recommend that plaintiff return to work because of the danger of another infarct due to strenuous physical activity.
The other medical expert had treated plaintiff for a back ailment. Testifying as an expert in general medicine, he stated that he would not permit a man with plaintiff’s history to return to strenuous physical labor because of the danger of another infarct.
We conclude from the foregoing that plaintiff suffered a myocardial infarct while at work, and that he is disabled as a result thereof. Defendant claims, however, that there is no proof of a causal connection between the employment and the heart attack.
The record shows that the accident happened in the early afternoon, and that plaintiff had been at work since seven o’clock in the morning. His duties consisted of connecting telephone cables to rods which were used to pull the cables through underground conduits. Plaintiff generally worked in manholes, and, when not actually connecting the cables to the rods, had to watch to see that the cable was . being pulled through the conduit properly. At the time of the accident, the rodding machine was broken down, and plaintiff was doing nothing. He testified that he smelled gas in the manhole and was dimbr ing out when he felt sick and weak.
The only medical testimony on the causal connection between the job and the infarct is the following:
“Q. Now, doctor, from a medical standpoint is it accepted medically that exertion and heat precipitate a myocardial infarct?
“A. There are many causative factors. Certainly, those would be among them—
“Q. Well—
“A. Exertion especially.
“Q. Exertion especially. If an individual is symptom free prior to exertion, the man is working doing his job and has not been under treatment, has been, does not know of any abnormality he has, and on a day in May he is working in a hot, cramped condition, and is exerting himself, and then he has a blacking out, is that compatible with a myocardial infarct having occurred, either as a result of or being precipitated by the heat, the cramped conditions and the exertion.
“A. Well, it’s kind of a long hypotheses, but I guess it’s okay.”
sk * * 5k ' sk 5k
“Q. And is this particularly true, doctor, when we have no symptoms prior to the exertion, that the exertion would precipitate or cause the infarct?
“A. Uh-huh. Yes, that’s reasonable.”
In the recent case of Ferguson v. HDE, Inc., 264 La. 204, 270 So.2d 867 (1972), the Court said:
“It is well established in Louisiana that extraordinary physical stress and strain is not essential to the definition of disabling accident: when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So. 2d 816.”
*246 Based on the foregoing, we find no manifest error in the conclusion of the district judge that Southern Lyons suffered an accident during the course and scope of his employment which caused him to be permanently and totally disabled.
On the question of penalties and attorney’s fees, we note that the “accident” was never reported as such. Plaintiff’s immediate supervisor was told that plaintiff was sick, and he directed another employee to take plaintiff home. No notice of an accident or demand for compensation was made prior to the filing of this suit, almost one year after the date of the heart attack. Defendant has defended the suit on reasonable grounds. We find that the trial judge properly denied penalties and attorney’s fees.
The judgment appealed from is affirmed, at defendant’s cost.
Affirmed.