FRUGÉ, Judge.
This is a claim for death benefits under the Workmen’s Compensation Act brought by Azana B. Leleux against her deceased husband’s employer and the employer’s insurer, Lumbermen’s Mutual Insurance Company. At the time of his death the deceased husband, Nelson Leleux, was working as a truck driver hauling rice in Crowley, Louisiana. While working within the course and scope of his employment he suffered a fatal cerebral vascular accident (CVA) which is an unspecified type of stroke.
The trial court denied recovery and Mrs. Leleux has appealed. We affirm.
The death occurred on August 12, 1972. Nelson Leleux was employed that morning to drive a truck owned by Chester Simon and Lawson Primeaux for the purpose of hauling rice from a Crowley rice drier to Rice City Milling Company. Both of these facilities are within the city limits of Crowley. He had completed his fourth load and was in the process of taking on a fifth load when he suffered his fatal attack.
Leleux was found lying on the ground seven feet from his truck at approximately noon. He was rushed to American Legion Hospital in Crowley where he was pronounced dead by the Acadia Parish Coroner, Dr. Robert L. McManus.
Leleux was 5 feet 9 inches tall and weighed 238 pounds. He had a history of hypertension. In July of 1970 he was examined by Dr. T. L. McNeely and his blood pressure varied on three occasions from 250/130 to 200/100. Dr. McNeely examined Mr. Leleux during an employment physical for work as a laborer at a local rice mill. Dr. McNeely disqualified Leleux because of his high blood pressure.
The pivotal issue in this case is whether there was a causal connection between Leleux’s employment and his death. The plaintiff is entitled to compensation benefits if Leleux’s death resulted “by accident arising out of and in the course of his employment, . . . .” R.S. 23:1031. Within the meaning of this statute there can be no doubt that Leleux suffered an “accident” and that he was “[with]in the course of his employment.” In Ferguson v. H.D.E., Inc., 270 So.2d 867 (1972), our Supreme Court specifically held that a stroke was an accident within' the meaning of the Workmen’s Compensation Act.
However, in order for there to be recovery under the Workmen’s Compensation Act there must be proof of a causal connection between the employment and the accident. Prim v. City of Shreveport, 297 So.2d 421 (La.1974); Campbell v. Kansas City Southern Railroad Co., 297 So.2d 798 (La.App. 4th Cir. 1974) ; Lyons v. Crescent Construction Co., 293 So.2d 244 (La.App. 1st Cir. 1974) ; Clement v. Fau-cheaux Chevrolet Company, Inc., 285 So.2d 276 (La.App. 4th Cir. 1973). It is apparent from his ruling that the trial court found insufficient proof in this regard.
*529 The testimony at trial establishes that the day of death was a hot, humid day and that Mr. Leleux had carried several loads of rice prior to suffering the stroke. The loads weighed some 25 to 26 thousand pounds. The truck being driven by Leleux was a 1969 two-ton Chevrolet. It had no power steering or air conditioning.
The medical testimony came from two doctors. The Parish Coroner, Dr. Robert L. McManus, testified that Leleux had died from a cerebral vascular accident or CVA. Dr. McManus testified that this is a “catchall” term to describe a rupture of a blood vessel of the brain. The term is catchall because it does not define the cause of the rupture.
Dr. McManus refused to specify a cause of death but did state that it was more likely that an accident of this .sort would occur under the working conditions of Mr. Leleux than if he had been home watching television. Dr. McManus further testified that a stroke or CVA is usually associated with high blood pressure. He stated that it is more likely that it would occur while the blood pressure was elevated during or immediately following some physicial exertion. The blood pressure would normally return to its usual level within a few minutes after the physical exertion ceased.
Dr. Thomas McNeely agreed with Dr. McManus that it is more likely that an accident of this sort would occur under the working conditions of Leleux than if he had been sitting at home without exerting himself. He also agreed that a stroke is usually associated with high blood pressure and that a hypertensive person is more susceptible or prone to a CVA than a person with normal blood pressure. Dr. McNeely further agreed that when blood pressure is elevated due to physical exertion it usually returns to a normal level within a few minutes after the exertion ceases.
Leleux’s employment required that he transport the loads of rice from the rice drier to the Rice City Milling Company. All of the loading and unloading of the rice was done mechanically and requires no labor on the part of the driver. The loading of rice is accomplished through a spout which pours the rice into the bed of the truck. There was testimony that the loading area is sometimes very dusty but that the dust was not too bad the morning of Mr. Leleux’s stroke. On at least one occasion that morning Leleux climbed into the bed of the truck to spread the rice. This was apparently done to enable him to carry a larger load.
At the time of the stroke Leleux’s truck was being loaded. There is no indication in the record that he was doing any physical activity which would cause an elevation of blood pressure.
The plaintiff carries the burden of proving that there is a causal connection between the death and the employment activity. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). Although our jurisprudence is mindful of the difficulty of pinpointing the cause or precise factor precipitating an attack as suffered here, Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969), the plaintiff nevertheless still carries the burden. In Prim, supra, the Supreme Court stated the test as follows:
“[T]he testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture.” 297 So.2d at 422.
The finding by the trial court that there was insufficient proof of causal connection is a finding of fact which we can overrule only upon a showing of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1972). In Canter the Supreme Court noted that it is not the function of the appellate court to substitute its own evaluations of fact where there is support for the trial court’s finding in the record.
*530 In this case the record does not disclose any manifest error. Although two doctors testified that Leleux’s stroke was more likely to occur in the conditions in which he was working rather than if he had been home doing no exertion, we do not believe this testimony is basis enough upon which to reverse the trial court’s finding of fact. Leleux was a victim of hypertension which made him susceptible to a stroke. There is no evidence that he had engaged in any physical or mental activity immediately prior to his attack which would have caused elevated blood pressure. The climbing and shoveling had been done approximately an hour earlier, which allowed time for alleviation of any elevation in blood pressure. At the time of the stroke Leleux was not driving the truck but was waiting for the loading operation to be completed.
In these circumstances we cannot find that the trial court erred in finding no causative relationship between the stroke and Leleux’s employment.
The judgment of the trial court is therefore affirmed. Costs of this appeal are assessed to the appellant.
Affirmed.