318 So.2d 15 (1975)
Azana Broussard LELEUX
v.
LUMBERMEN'S MUTUAL INSURANCE COMPANY et al.
No. 56142.
Supreme Court of Louisiana.
September 5, 1975.
*16 Kenneth O. Privat, Pugh, Buatt, Landry & Pugh, P. J. Chappuis, II, Chappuis & Chappuis, Crowley, for plaintiff-applicant.
Timothy J. McNamara, Davidson, Meaux, Onebane, Donohoe, Bernard, Torian & Diaz, Lafayette, Homer Ed Barousse, Jr., Edwards, Stefanski & Barousse, Crowley, for defendants-respondents.
SANDERS, Chief Justice.
The plaintiff, Azana Broussard Leleux, filed suit to recover death benefits under the Louisiana Workmen's Compensation Act, LSA-R.S. 23:1021 et seq. Made defendants were the employer, Simon and Primeaux, a partnership composed of Chester Simon and Lawson J. Primeaux, Sr., the individual partners, and Lumbermen's Mutual Insurance Company, the alleged workmen's compensation insurer. After Lumbermen's Mutual denied coverage, the employer filed a third party petition against L. O. Broussard, the insurance agent who handled the policy, and Lumbermen's Mutual, as Broussard's principal, seeking recovery in the event the other defendants were held liable. Without reaching the issue of insurance coverage, the district court denied liability. The Court of Appeal affirmed. La.App., 308 So.2d 527 (1975). On plaintiff's application, we granted certiorari to review the judgment of the Court of Appeal, La., 311 So.2d 260 (1975).
The deceased employee, Nelson Leleux, was hired to drive a truck for Primeaux and Simon, a partnership engaged in the drayage business. Leleux had driven a truck for Primeaux and Simon several times during the previous month. On August 12, 1972, Leleux was hauling rice from a rice drier to the Rice City Milling Company, both located in the City of Crowley. Leleux had hauled four loads and was attempting to complete his fifth load when, about noon, he suffered a cerebral vascular accident, or stroke, and died.
The evidence adduced at trial showed that the deceased was obese, weighing about 238 pounds, and had a history of hypertension, or high blood pressure. The dededent's medical history was provided by Dr. T. L. McNeely, who examined the deceased in July of 1970, when deceased underwent a physical examination for employment by a local rice mill.
The Louisiana Workmen's Compensation Act provides that if an employee receives personal injury by accident arising out of and in the course of his employment, the employer shall pay compensation. LSA-R.S. 23:1031.
The record reflects that a cerebral vascular accident is the rupture of a blood vessel in the brain. It is often referred to as a stroke. Since it is a breaking of blood vessels in the vascular system, there can be no doubt that it is an "accident" within the intendment of the Louisiana Workmen's Compensation Act.
In Gorback v. Praeger, Inc., La., 310 So.2d 604 (1975), we held:
"When the ligaments, cartilages, or organs of the body give way because of exertion on the job, the ensuing disability is compensable. See Ferguson v. HDE, Inc., supra [264 La. 204, 270 So.2d 867 (1972)]; Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1968)."
In the instant case, Leleux suffered his stroke while on the job. He was found approximately seven feet from his truck, which was parked and being loaded with rice. It is evident, therefore, that the accident arose out of and in the course of his employment.
It is well established, however, that for recovery under the Workmen's Compensation Act, there must be proof of a causal connection between the employment and the accident. Prim v. City of Shreveport, *17 La., 297 So.2d 421 (1974); Campbell v. Kansas City Southern Railroad Co., La.App., 297 So.2d 798 (1974). In Prim, we stated:
"Although procedural rules are construed liberally in favor of workmen's compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. Jordan v. Travelers, 257 La. 995, 245 So.2d 151 (1971); Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965); Hogan v. T. J. Moss Tie Co., 210 La. 362, 27 So.2d 131 (1946); White v. E. A. Caldwell Contractors, Inc., La.App., 276 So.2d 762 (1973); Richard v. Guillot, La.App., 271 So.2d 719 (1972); Nellon v. Harkins, La.App., 269 So.2d 542 (1972)."
It is necessary only that the death or disability be precipitated by the usual actions, exertions, and conditions of the employment. Ferguson v. HDE, Inc., supra and Bertrand v. Coal Operators Casualty Company, supra.
Decedent was driving a rice truck, which when loaded weighed 26,000 pounds. The truck had no air-conditioning or power steering. The weather was very hot. The highest recorded temperature was 94 F. The area in which decedent was working was dusty. Earlier, the decedent had climbed into the back of the truck to spread rice.
The lower courts failed to find a causal relationship between decedent's work and his stroke. The Court of Appeal, however, noted that the two medical experts who testified agreed that it is more likely that an accident of this sort would occur under the employee's working conditions than if he had not been working. The Court of Appeal also noted that both physicians testified that a stroke is usually associated with high blood pressure, and that a hypertensive person is more susceptible to a cerebral vascular accident than a person with normal blood pressure.
In Bertrand v. Coal Operators Casualty Company, supra, we held:
". . . [I]n workmen's compensation cases . . . it matters not that the accident could have occurred at another place and at another time or even at any time. We have said repeatedly that it is immaterial that the disability could have been brought on by causes other than trauma, if in fact trauma on the job which meets the standard of `accidental injury' within the Workmen's Compensation Act is a disabling factor."
The causal relation may be inferred when there is proof of an accident during the course of employment and an ensuing disability or death with no intervening cause. Gradney v. Vancouver Plywood Co. Inc., La., 299 So.2d 347 (1974);Johnson v. Travelers Insurance Co., La., 284 So.2d 888 (1973); Bertrand v. Coal Operators Casualty Co., supra. Under the circumstances shown by the record, including the heat and physical exertion, an inference arises that the performance of his work had a causal relation to the accident. The record adequately establishes that more probably than not the work precipitated the stroke. See Prim v. City of Shreveport, supra; Bertrand v. Coal Operators Casualty Company, supra. Hence, the employer is liable for compensation.
Under the law, plaintiff is entitled to compensation at the rate of $24.37 per week for a period of 500 weeks. LSA-R. *18 S. 23:1021(11); LSA-R.S. 23:1231-1232. The record also supports an award of burial expenses for the maximum amount of $1,000.00.
Having concluded that there is liability on the part of the employer, we must now determine whether the policy of Lumbermen's Mutual Casualty Company provides coverage so as to make the insurer liable. The policy of insurance filed in the record was issued to Alzie, Chester, and Eldes Simon, a partnership engaged in rice farming, composed of Alzie Simon, Chester Simon, and Eldes Simon. Chester Simon stated emphatically that the income derived from the partnership did not accrue to the Simon, Simon and Simon partnership. He testified that the Simon, Simon and Simon partnership derived no benefit from the activities of the Simon and Primeaux partnership.
The evidence discloses that the deceased was employed by Simon and Primeaux at the time of his death and that Lumbermen's Mutual Casualty Company had issued no employers' liability policy to the employer. As we have observed, the only policy introduced into evidence was issued to Alzie, Chester, and Eldes Simon, a partnership composed of Alzie Simon, Chester Simon, and Eldes Simon. This Court, therefore, holds that Lumbermen's Mutual Casualty Company has no contractual liability for the payment of compensation.
The Simon and Primeaux partnership, as well as Chester Simon and Lawson Primeaux, individually, allege in a third party demand that L. O. Broussard, as agent for Lumbermen's Mutual, failed to perform his duty as an agent and secure insurance for them, knowing that the third party plaintiffs desired coverage, and, therefore, L. O. Broussard and Lumbermen's Mutual are liable in solido for any judgment which may be cast against the third party plaintiffs.
In the present case, the third party demand was not passed upon in the trial court. The plaintiff alone appealed. The partnership defendants did not answer the appeal. Hence, the third party demand against the insurance agent was not before the Court of Appeal. Nor is it before this Court. LSA-C.C.P. Art. 2133; McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761 (1965).
It is proper, therefore, to remand the case to the district court for the purpose of proceeding with the third party demand. LSA-C.C.P. Art. 2164; McCoy v. Pacific Coast Fire Insurance Co., supra.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and judgment is rendered in favor of plaintiff, Azana Broussard Leleux, against Simon and Primeaux, a partnership composed of Chester Simon and Lawson J. Primeaux, Sr., and the partners, individually and in solido, in the sum of $24.37 per week, commencing August 12, 1972, for a period of 500 weeks, with legal interest on each of said weekly installments from due date until paid. Judgment is further rendered in favor of plaintiff against the named defendants, in solido, in the sum of $1,000.00, with legal interest thereon from date of judical demand until paid.
It is further ordered, adjudged, and decreed that there be judgment in favor of defendant, Lumbermen's Mutual Casualty Company, rejecting plaintiff's demand against it.
It is further ordered, adjudged, and decreed that the fee of plaintiff's attorney be fixed in the amount of twenty percent of the first $5,000.00 of recovery and ten percent of the recovery in excess of $5,000.00 as provided in LSA-R.S. 23:1141.
It is further ordered, adjudged, and decreed that the case be remanded to the Fifteenth Judicial District Court for the Parish of Acadia to permit that court to proceed with the third party demand.
*19 It is further ordered, adjudged, and decreed that all costs of court be assessed against the partnership defendant, in solido.
SUMMERS, J., dissents and agrees with the decision of the Court of Appeal. See 308 So.2d 527.