344 So.2d 86 (1977)
John Horace GILBERT, Plaintiff-Appellant,
v.
BITUMINOUS CASUALTY CORPORATION, Defendant-Appellee.
No. 13167.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
*87 Campbell, Campbell & Johnson by Cecil P. Campbell, Minden, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendant-appellee.
Before PRICE, HALL and JONES, JJ.
PRICE, Judge.
The issue in this workmen's compensation proceeding is whether the rupture of an aneurysm was causally related to the claimant's employment entitling him to benefits for a total and permanent disability and related medical expenses.
Bituminous Casualty Corporation is the compensation insurer of Ascot Oils, Inc., the employer of John Horace Gilbert.
The factual background and the issues in dispute are concisely and accurately stated by the trial judge in his reasons for judgment as follows:
. . . . The plaintiff was a "land man" and for several weeks prior to the accident hereinafter described was in the process of acquiring a block of oil and gas leases for his employer. In his employment he drove his automobile several hundred miles each week, examined records in various courthouses to determine availability of property for mineral leasing, contacted land owners, negotiated for leases, and in general did the work customarily done by land men in this area.
The evidence shows that plaintiff had for some time suffered from arteriosclerosis and that an aneurysm had formed upon his abdominal aorta.
On the day of the accident, November 29, 1971, he had driven a number of miles in North Louisiana and South Arkansas and while returning from El Dorado to his home in Minden, his car left the road and struck a tree and he was seriously injured.
It was later determined that in the accident plaintiff sustained a fracture of the first lumbar vertebra and he was paid compensation for 114 weeks until his doctor reported that he was able to return to his work. Additionally, all medical expenses in connection with the back injury have been paid.
This lawsuit, however, is not really concerned with the back injury. When plaintiff was examined by Dr. S. W. Pittman *88 immediately after the accident, it was determined that he was suffering from a ruptured aneurysm which, as mentioned above, had previously formed upon his aorta. His condition was critical because of this rupture and as a matter of fact the fractured vertebra was not even detected. He was taken to Schumpert Hospital in Shreveport where Dr. Wallace Brown repaired the ruptured aneurysm. Plaintiff recovered from this surgery and only after his release from the hospital did he see an orthopedic specialist and receive treatment for the back injury.
While the defendant paid all medical expenses relating to the back injury and workmen's compensation benefits during his disability attributed to that injury, it refused to pay the considerable medical expenses incurred as a result of the ruptured aneurysm. Plaintiff brought suit initially to recover for these expenses and later amended his suit asking for workmen's compensation after the defendant terminated the payments when his doctor reported him recovered.
The real dispute in this case is whether the plaintiff's work related activities caused or contributed to the rupture of the aneurysm. If the aneurysm was ruptured in the accident, or if there is a causal connection between the ruptured aneurysm and his work, then the plaintiff should be successful in this lawsuit. On the other hand, if the aneurysm was not ruptured in the accident and no causal connection is shown, then his demands should be rejected.
The trial court rejected Gilbert's demands. It found that a preponderance of the medical testimony showed the aneurysm ruptured prior to the accident, and that the medical evidence did not establish a causal relation between Gilbert's work and the rupture.
The judgment is reversed, and plaintiff is awarded benefits for a total and permanent disability and additional medical expenses for the following reasons.
An employee is entitled to compensation benefits for disability resulting from personal injury from an accident arising out of and in the course of his employment. La.R.S. 23:1031. The rupture of an aneurysm is an "injury by accident" within the meaning of the statute. Francis v. Gerlach Meat Company, Inc., 319 So.2d 534 (La.App. 2nd Cir. 1975). There is no dispute that the injury in this instance occurred within the course of plaintiff's employment. The difficult problem is the determination of whether the injury was caused by the employment.
The causal relationship may be inferred when there is proof of an accident during the course of employment with no intervening cause. Leleux v. Lumbermen's Mutual Insurance Company, 318 So.2d 15 (La.1975).
This court has recently reviewed in detail the development of the jurisprudence permitting recovery of benefits by claimants who have suffered heart attacks, strokes, or related circulatory type injuries. Fields v. Sperry Rand Corporation et al., 343 So.2d 339 (La.App. 2nd Cir. 1977).
In Fields, we summarized the now prevailing jurisprudential rules for recovery as follows:
. . . . When the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. An injury is accidental if it is unexpected and unforeseen and happens suddenly and violently, producing objective symptoms of injury at the time.. . .
It is equally well settled, however, that disability is compensable only if it results from a work-related accident. The question presented is generally factual in nature: is plaintiff's disability causally related to an employment accident? . . It is not necessary that the accident be caused by extraordinary activities of an employee or that the employment activities be the exclusive cause of an accidental injury. It is only necessary that the *89 accidental injury be caused, precipitated, aggravated or contributed to by the actions, exertion or other factors directly connected with the employment. It is immaterial that the disability could have been brought on by causes other than a work-related accident. . . .
In Fields, this court followed the standard of medical evidence required to establish causal relationship of employment in heart attack and related cases as set forth in Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975).
The court in Roussel awarded compensation benefits because the medical testimony revealed that the claimant's myocardial infarction could have been caused or precipitated by the usual and customary actions of the claimant.
In this case, the evidence reveals the ruptured aneurysm could easily have been caused by Gilbert's customary exertion at work. Prior to the accident, Gilbert had spent two or three weeks assembling oil and gas leases on a 14,000 acre block. He testified he had been working ten to fourteen hours per day. On the day of the accident, Gilbert drove from his home in Minden to Ascot's office in Shreveport. After spending a short time in Shreveport, he drove to Monroe, back through the Homer oil fields, and on to El Dorado. In El Dorado, he spent two to three hours on his feet checking titles and also visited an attorney. The accident occurred while he was returning to Minden after driving approximately 300 miles on that date.
The stress of this job, particularly to a man of advanced age such as Gilbert, is evident. Dr. S. W. Pittman, who was the first doctor to examine Gilbert after the wreck, testified that an aneurysm may rupture as the result of the stress of increased blood pressure, and that he believes it reasonable that the nature of Gilbert's work could have caused the rupture. Although Dr. Brown was more guarded in his opinion on the possibility of the employment being a cause of the rupture, he admits it clearly could have been the cause.
In light of the presumption of causation established by Leleux and the medical testimony at trial, plaintiff has shown his employment was a precipitating cause of the rupture of the aneurysm.
The evidence reveals that the combination of pre-existing arteriosclerosis, the ruptured aneurysm, the injured back, and advanced age render Gilbert totally and permanently disabled.
There is no showing that defendant's termination of payment of compensation benefits or its refusal to pay the medical expenses connected with the ruptured aneurysm was arbitrary or capricious. Therefore, plaintiff's claim for penalties and attorney's fees is denied.
For the reasons assigned, the judgment of the district court is reversed and it is ordered, adjudged, and decreed there be judgment in favor of John Horace Gilbert against Bituminous Casualty Corporation for workmen's compensation benefits at the rate of $49 per week beginning November 30, 1971, and continuing for the duration of plaintiff's disability, not to exceed 500 weeks, with legal interest thereon from the due date of each weekly payment until paid.
It is further ordered that all accrued amounts together with interest be paid in a lump sum subject to a credit for the amount of compensation previously paid plaintiff of 114 weeks from November 30, 1971, through February 4, 1974.
It is further ordered that defendant pay unto plaintiff the sum of $5,040.31 for accrued medical expenses together with legal interest thereon from date of judicial demand. Costs of this appeal together with costs of the trial court are assessed to defendant.