WATSON, Judge.
Plaintiff, Georgia Small, has appealed from the trial court’s dismissal of her suit for workmen’s compensation benefits against her former employer, J. C. Penney, Inc. In May of 1977, Ms. Small was employed in J. C. Penney’s Alexandria, Louisiana store. On May 31, a Tuesday, her day off, plaintiff suffered a severe cerebrovas-cular hemorrhage. As a result of this stroke, Ms. Small is unquestionably disabled. The only issue on appeal is whether the trial court erred in holding that plaintiff’s “vascular accident” (TR. 80) was unrelated to her last day at work, Monday, May 30.

FACTS

Ms. Small had been promoted from cashier to salesperson to manager’s assistant in the men’s department. She said this last position caused additional stress, which tended to give her headaches. However, she had missed only one day of work because of illness during four years at Penney’s. It was stipulated that she earned $108.50 a week. Ms. Small, age 36 at the time, had had a regular checkup by her family physician, Dr. V. F. Chicóla, three weeks before her stroke, which she passed. Ms. Small testified that she developed a headache about three or four o’clock on Monday at work and felt cold. She still had the headache when she got home from work around seven and she went to bed. (TR. 134). She got up on Tuesday morning and she still had the headache. (TR. 136). Around noon on Tuesday, the headache became unusually severe and she told her husband she needed to see a doctor. Then she passed out and was taken to the hospital.
Plaintiff’s co-worker, Janice Staton, was vague about plaintiff’s last day at work. Although she did not recall Ms. Small complaining of a headache, her testimony was only that she did not remember such a complaint. Plaintiff’s supervisor, Kent Williamson, testified unequivocally that Ms. Small made no complaints of pain on May 30, but he described her as an uncomplaining person and a good worker. Another co-employee, Alfred James Babb, also said Ms. Small was not a complainer. Neither Babb nor Sam Keown, a Penney’s manager, were questioned about whether or not Ms. Small had any complaints of pain or headache on her last day at work.
Sharon Small testified that her mother came home from work on Monday afternoon and said she had a headache. Ms. Small immediately went to bed and told her daughter on Tuesday morning that she still had the headache. According to Sharon, her mother had said about a month before that she was going to quit the job at Penney’s because it involved too much stress and pressure.
*1279 On Tuesday, May 31, Ms. Small was taken to the emergency room at Rapides General Hospital where she was seen by Dr. Chicóla. Ms. Small was semi-comatose, but Dr. Chicóla was told she had had a headache for a couple of days preceding the stroke and had been in bed since the previous evening, feeling badly. (TR. 108). Ms. Small was admitted to the intensive care unit and seen by a neurosurgeon, Dr. Danny L. Dodson. She remained in critical condition for two months.
Dr. Chicóla testified as an expert in family practice that, because of a congenital arterial weakness, any exertion could have caused Ms. Small’s stroke. In his opinion, Ms. Small could have had premonitory symptoms of headache, dizziness and discomfort for several days before her stroke. Also, according to this treating doctor, her intracranial leakage or bleeding could have started the previous day, or even two or three days before she passed out. Although most strokes occur suddenly and dramatically, Dr. Chicóla felt that Ms. Small’s “. . . probably came on gradually . . .” (TR. 103). He thought she possibly had bleeding the day before she came to the hospital because, at the time of her admission, “. . . she had a little dilatation of the left pupil, she had an early Babinski and an early weakness of the left arm and left leg.” (TR. 104). These localized symptoms indicate the passage of a certain amount of time. Ms. Small’s type of aneurysm was not limited to one solitary vessel but included a mass of vessels. The deformity is too massive for surgical correction.
Dr. Craig, an expert in internal medicine, confirmed that Ms. Small’s stroke was of an unusual type. He testified that a headache a day before a hemorrhage would be considered by him to be “. . . part and parcel to the same illness.” (TR. 118).
After Ms. Small’s discharge from the hospital, she continued to have severe headaches and spastic paralysis of the left leg and left arm. Her prognosis is poor. Any slight stress could cause further neurological damage because of her congenital arter-iovenous malformation. Ms. Small had previously had a stroke at the age of eleven, which left no significant residual symptoms.

CONCLUSION

The rupture of an aneurysm, cerebral vascular accident or stroke is an injury by accident within the meaning of the workmen’s compensation statute. Gilbert v. Bituminous Casualty Corp., 344 So.2d 86 (La.App. 2 Cir. 1977); LeLeux v. Lumbermen’s Mutual Insurance Company, 318 So.2d 15 (La., 1975).
The question presented is whether the vascular accident for which Ms. Small was hospitalized around noon was one arising out of and in the course of her employment on the preceding day. LSA-R.S. 23:1031. In view of Dr. Chicola’s testimony that the slightest exertion could have caused Ms. Small’s stroke, there is more than a possibility that her underlying condition was aggravated by her employment. The preponderance of the evidence establishes a work related accident. While Ms. Small’s coworkers could not confirm complaints of pain, their testimony is not in direct conflict with that of Ms. Small, her daughter and Dr. Chicóla. See Cadiere v. West Gibson Products Company, Inc., et aL, 364 So.2d 998 (La., 1978). Also see LeLeux, supra; Roussel v. Colonial Sugars Company, 318 So.2d 37 (La., 1975); and Jacob v. God-chaux-Henderson Sugar Co., Inc., 350 So.2d 274 (La.App. 4 Cir. 1977) writ denied 352 So.2d 238. Compare Quine v. Ideal Cement Co., 351 So.2d 1303 (La.App. 1 Cir. 1977) writ denied 353 So.2d 1035. The testimony of Ms. Small, which was corroborated by her daughter, the history given to Dr. Chi-cóla, the latter’s testimony, and that of Dr. Craig, was that her vascular accident had its commencement during her working hours on Monday. See Fields v. Sperry Rand Corp., 343 So.2d 339 (La.App. 2 Cir. 1977) writ denied 345 So.2d 902, 903. Certainly, neither Ms. Small nor her daughter were likely to have fabricated her emergency room history; neither could have then known that the legal consequences would differ if the illness or accident began at work. An analogous case to this one is *1280 Barnes v. City of New Orleans, 322 So.2d 821 (La.App. 4 Cir. 1975) writ denied 325 So.2d 584, where a clerical employee who experienced chest pains at work one day and died the following day at home in bed from a heart attack was found to have suffered an accident arising out of and in the course of his employment. Here, the only fair inference to be drawn from the testimony is that Ms. Small began to have intracranial bleeding on May 30, which culminated in a massive hemorrhage around noon of the following day. Ms. Small’s cerebral vascular accident commenced during her working hours at J. C. Penney’s on May 30 and thus was one arising out of and in the course of her employment.
The trial court, in reasons for judgment, indicated that the type of stroke suffered by Ms. Small is a sudden and dramatic occurrence, but this was not in fact the testimony of Dr. Chicóla. His testimony was that most strokes are sudden and dramatic but that Ms. Small’s was of an unusual type and probably commenced gradually. The trial judge erred in requiring, as he apparently did in deciding against plaintiff, that Ms. Small prove that she had a dramatic and sudden “stroke” at work. This requirement is contrary to the medical evidence. Consequently, the trial court was clearly wrong in deciding that Ms. Small did not suffer a work related accident. There is no question that she is totally disabled.
For the reasons assigned, the judgment of the trial court is reversed.
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Georgia Small, and against the defendant, J. C. Penney, Inc., for workmen’s compensation benefits of $72.33 a week, during the period of her disability, together with medical benefits as provided by law. Penalties and attorney’s fees are denied. All costs are taxed to defendant-appellee, J. C. Penney, Inc.
REVERSED AND RENDERED.