374 So.2d 734 (1979)
Doris Kay ROWLAND, Plaintiff and Appellant,
v.
CONTINENTAL OIL COMPANY, INC., Defendant and Appellee.
No. 7102.
Court of Appeal of Louisiana, Third Circuit.
August 23, 1979.
Writ Refused October 26, 1979.
*735 Glusman, Moore, Lopez & Wilkinson, G. Thomas Arbour, Baton Rouge, for plaintiff and appellant.
Jones, Patin, Tete, Nolen & Hanchey, William T. McCall and Gregory P. Massey, Lake Charles, for defendant and appellee.
Before CULPEPPER, WATSON and FORET, JJ.
CULPEPPER, Judge.
This workmen's compensation suit for death benefits was filed by Doris Kay Rowland, the surviving widow of Almer G. Rowland, Sr. He died as the result of a heart attack suffered while working as a guard at defendant's plant on April 14, 1976. The trial court concluded that plaintiff did not carry her burden of proving that the accident, i. e., the cardiac arrest on April 14, 1976, was causally related to Mr. Rowland's employment activities. From a judgment dismissing her suit, plaintiff appealed.
The issues on appeal are: (1) Did the trial judge err in holding that plaintiff has the *736 burden of proving the accident (the fatal heart attack) was work-related? (2) Did the trial court err in finding as a fact that Mr. Rowland's heart attack had no causal connection with his employment activities?
The following factual findings appear in the written reasons of the trial judge:
"At the time of his death, Mr. Rowland was working the day shift, that is, from 7:00 A.M. to 3:00 P.M. Decedent arrived at his place of employment shortly before 7:00 A.M. At approximately 7:15 or 7:20 A.M. (the exact time could not be determined) Mr. Rowland was alone in the guard shack seated at his desk talking on the telephone when he was observed slumping over and falling to the floor. The first aid department was nearby and the nurse was quickly summoned as was Mr. William Harry Wilson, plant security supervisor, the person to whom Mr. Rowland was responsible. The nurse and Mr. Wilson found Mr. Rowland unconscious, lying on his back on the guardhouse floor either dead or near death. He was immediately rushed to the emergency room at St. Patrick's Hospital. The hospital records reveal that Mr. Rowland was brought into the emergency room at 7:55 A.M. unconscious without a heart beat and not breathing. Emergency measures were started. Multiple de-fibrillations were done and the patient's heart beat returned to normal, but he remained unconscious. Subsequently, it was determined Mr. Rowland had suffered irreversible brain damage and he succumbed ten (10) days later on April 24, 1976 without regaining consciousness. According to the death summary in the hospital records, the final diagnosis was: 1) coronary heart diseasewith cardiac arrest, [and] 2) irreversible brain damage secondary.
"Dr. David Buttross, Jr., a specialist in the field of internal medicine and cardiology, testified that he had treated decedent when Mr. Rowland experienced a severe myocardia infarction in July of 1957. At that time he was hospitalized and later discharged on August 1, 1957.
"Prior to his cardiac problem, Mr. Rowland was a regular plant worker within the Continental Refinery. [H]owever, when he returned to work on November 21, 1957 he took a position as a plant guard because the work would be less strenuous.
"Mr. Rowland had another myocardia infarction in 1960. Although this episode also required hospitalization, he recovered and returned to work without further difficulty until 1971 when he experienced chest pains. He was admitted to the hospital on this occasion and after being asymptomatic for six (6) days, he was discharged. Dr. Buttross gave the patient routine annual examinations in May of 1975 and on February 10, 1976. He found Mr. Rowland to be free of complaints and feeling well.
"Dr. Buttross testified that the usual cause of cardiac arrest is heart disease. The disease can be aggravated by such things as smoking, obesity, hypertension (high blood pressure) and unusual stress, whether the stress be due to extreme excitement, worry, anxiety or physical causes.
"It was shown that Mr. Rowland had worked some overtime the preceding week but in Dr. Buttross' opinion this did not affect the cardiac arrest. Dr. Buttross did say, however, had Mr. Rowland worked overtime for thirty (30) days in a row, this could cause him to be in a state of stress.
"While Dr. Buttross stated that this heart attack could have happened at any time at any place, the Court is cognizant that this fact of itself would not defeat recovery.
"It was shown that decedent's step-son was having a personal problem at the time and this caused Mr. Rowland some concern. It was also shown that Mr. Rowland smoked one and a half packs of cigarettes each day. Dr. Buttross stated that the smoking, concern over the stepson and prior overtime would have the effect of increasing the risk factor.
"Dr. Buttross was asked if the employment caused or precipitated Mr. Rowland's heart attack and he replied he did not think so."
*737 To this summation we add the following facts, which are emphasized by plaintiff. The record shows that Mr. Rowland had worked a total of 109 hours overtime from the first of January, 1976, until the date of his death. These overtime hours were accumulated during this three-month period in which Mr. Rowland actually worked overtime on 35 days. These 35 overtime working days were spread out over the three-month period, with Mr. Rowland having worked the heaviest schedule of seven days in a row from March 11 to March 17. We also note that the deceased worked 11 hours of overtime in the three days prior to his death.
BURDEN OF PROOF
Plaintiff contends recent cases from our Supreme Court, particularly Leleux v. Lumbermen's Mutual Insurance Company, 318 So.2d 15 (La.1975) and Haughton v. Fireman's Fund American Insurance Companies, 355 So.2d 927 (La.1979), hold that where an employee suffers an accident while at work it is presumed to be work-related, and the employer has the burden to prove it is not. We do not agree.
It is now well established by our jurisprudence that a heart attack is an "accident" and "injury" within the meaning of the definitions in LSA-R.S. 23:1021(1) and (7). It is also well established that a heart attack is causally related to the employment if caused or precipitated by the usual and customary work activities. See Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975), which presented issues similar to those in the present case.
As in Roussel, there is no question that the heart attack suffered by the decedent in the present case was an "accident" and an "injury" within the meaning of our workmen's compensation law. However, as in Roussel, there is a question as to whether the heart attack was causally related to the decedent's employment. On this issue, the court in Roussel makes it clear that the claimant has the burden of proving that the heart attack was caused by the employment activities. The court stated:
[1] In order to recover death benefits under the Louisiana Workmen's Compensation Act, plaintiff must establish that her husband received a personal injury by accident arising out of and in the course of his employment. La.R.S. 23:1031. It is not only conceded but clearly established that decedent suffered an `accident' and `injury' within the meaning of our workmen's compensation law. La. R.S. 23:1021(1) and (7); Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972); Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969) (on rehearing).
The only remaining issue for determination is whether plaintiff proved by a preponderance of evidence that the fatal heart attack which occurred on the job was caused by decedent's employment. Difficulty in proving causation arises from the fact that a pre-existing heart infirmity can produce disability at any moment irrespective of any outside influence. However, it is well settled that benefits are due in compensation cases involving heart conditions resulting in disability or death, whether or not the condition is pre-existing, when the accidental injury is caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. Hence, it is of no significance that the heart attack could have occurred at another time and place if, in fact, the accidental injury occurred on the job. Further, it is not necessary that the accident resulting in disability or death be caused by extraordinary activities of the employee, or that said activities be the exclusive cause of the accidental injury. As previously stated, it is only necessary that the death or disability resulting from the accidental injury be caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. Ferguson v. HDE, Inc. and Bertrand v. Coal Operators Casualty Company, supra.

In the instant case, the record reveals that decedent was engaged in manual *738 labor as a machinist in the refinery at the time of the fatal heart attack. He was performing the usual and customary duties of his employment. We have no hesitancy in concluding that these activities were strenuous in nature. There is no dispute that decedent did, in fact, have a history of hypertension and that he did suffer a myocardial infarction resulting in immediate death while performing the duties of his employment. It is established by the medical testimony that the myocardial infarction suffered by decedent on the job which resulted in his death could have been caused or precipitated by the usual and customary actions and exertions of decedent's duties as a machinist. Causal connection was thus clearly established by a preponderance of evidence in this case."
The plaintiff relies on certain language in Leleux v. Lumbermen's Mutual Insurance Company, 318 So.2d 15 (La.1975). Leleux suffered a cerebral vascular accident, or stroke, while performing his duties as driver of a rice truck. He was found approximately seven feet from his truck, which was parked and being loaded with rice. The court found it was clear the accident arose out of and in the course of employment. As regards the burden of proof of causal connection between the accident and the employment, the court states:
"[3] It is well established, however, that for recovery under the Workmen's Compensation Act, there must be proof of a causal connection between the employment and the accident. Prim v. City of Shreveport, La., 297 So.2d 421 (1974); Campbell v. Kansas City Southern Railroad Co., La.App., 297 So.2d 798 (1974). In Prim, we stated:
`Although procedural rules are construed liberally in favor of workmen's compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture.'
(citations omitted)
"[4] It is necessary only that the death or disability be precipitated by the usual actions, exertions, and conditions of the employment. Ferguson v. HDE, Inc., supra and Bertrand v. Coal Operators Casualty Company, supra.
Decedent was driving a rice truck, which when loaded weighed 26,000 pounds. The truck had no air-conditioning or power steering. The weather was very hot. The highest recorded temperature was 94 F. The area in which decedent was working was dusty. Earlier, the decedent had climbed into the back of the truck to spread rice.
The lower courts failed to find a causal relationship between decedent's work and his stroke. The Court of Appeal, however, noted that the two medical experts who testified agreed that it is more likely that an accident of this sort would occur under the employee's working conditions than if he had not been working. The Court of Appeal also noted that both physicians testified that a stroke is usually associated with high blood pressure, and that a hypertensive person is more susceptible to a cerebral vascular accident than a person with normal blood pressure."
Although the above quoted portion of the opinion in Leleux appears to clearly hold that the claimant has the burden of proving a causal connection between the accident and the employment activities, the plaintiff in the present case relies on the next portion of the opinion in Leleux which reads as follows:
"In Bertrand v. Coal Operators Casualty Company, supra, we held:
"... [I]n workmen's compensation cases ... it matters not that the accident could have occurred *739 at another place and at another time or even at any time. We have said repeatedly that it is immaterial that the disability could have been brought on by causes other than trauma, if in fact trauma on the job which meets the standard of "accidental injury" within the Workmen's Compensation Act is a disabling factor.'
The causal relation may be inferred when there is proof of an accident during the course of employment and an ensuing disability or death with no intervening cause. Gradney v. Vancouver Plywood Co. Inc., La., 299 So.2d 347 (1974); Johnson v. Travelers Insurance Co., La., 284 So.2d 888 (1973); Bertrand v. Coal Operators Casualty Co., supra. Under the circumstances shown by the record, including the heat and physical exertion, an inference arises that the performance of his work had a causal relation to the accident. The record adequately establishes that more probably than not the work precipitated the stroke. See Prim v. City of Shreveport, supra; Bertrand v. Coal Operators Casualty Company, supra. Hence, the employer is liable for compensation."
Our interpretation of the above quoted portion of the opinion in Leleux on which plaintiff relies is that under Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969), if the plaintiff proves that the accident is causally related to the employment activities, then it may be inferred that any ensuing disability was caused by the accident and injury, where there was no intervening cause. We say this for several reasons. First, to construe Leleux as plaintiff contends would mean that the Supreme Court held two contradictory rules in the same opinion. Furthermore, as regards the court's discussion of the Bertrand case, it must be noted that in Bertrand a laborer suffered a heart attack while performing strenuous physical labor. There was no question that the accident was caused by the employment activities. The only issue was whether the ensuing disability was caused by the accident. In Bertrand, the court held that where the claimant proves the accident is work-related, it is inferred that any ensuing disability is causally related to the accident, where there is no intervening cause. Bertrand does not hold that a heart attack on the job is presumed to be caused by the employment. Finally, as noted above, the Leleux case was decided by the Supreme Court on the same day as Roussel, supra. To interpret Leleux as plaintiff contends would mean that our Supreme Court rendered conflicting opinions on the same day.
The plaintiff also relies on certain language in Haughton v. Fireman's Insurance Companies, 355 So.2d 927 (La.1979). In that case a laborer fractured his left thigh when he fell while carrying a heavy timber. There was no question that the accident and injury were caused by employment activities. The issue, as in Bertrand and the other cited cases, was whether the accident and injury caused the ensuing disability. The court held:
"When there is an accident and a resulting disability without any intervening cause, it is presumed that the accident caused the disability. This simple guide, plainly stated in Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969), we affirmed in Johnson v. The Travelers Insurance Co., 284 So.2d 888 (La.1973) and reaffirmed in Gradney v. Vancouver Plywood Co., 299 So.2d 347 (La.1974). The presumption is not irrebuttable, but its effect is to shift the burden of proof to the defendant. This burden was not enforced by the courts below, and the defendant has failed to prove that Haughton's accident did not cause his disability."
From this language it is clear the presumption established in Bertrand and followed in Haughton and the other cited cases is not that the accident was caused by job-related activities. The Bertrand presumption is that where there is a job-related accident and ensuing disability, the disability is presumed to have been caused by the accident, absent an intervening cause.
*740 We conclude the trial judge correctly interpreted the Leleux case, which he discussed at length, as holding that plaintiff had the burden of proving the heart attack was caused by the decedent's employment activities. Under our jurisprudence, there is no presumption that a heart attack or other accident which occurs on the job is causally related to employment activities.
TRIAL COURT'S FINDING OF FACT AS TO CAUSATION OF ACCIDENT
The occurrence of a work-related accident is a question of fact. Roussel v. Colonial Sugars Company, supra, and Prim v. City of Shreveport, 297 So.2d 421 (La. 1974). After correctly concluding "there must be proof of causal connection between the employment and the accident," the district judge found that plaintiff did not carry her burden of proving that Mr. Rowland's employment duties precipitated his cardiac arrest. On appellate review, this factual finding is entitled to great weight and should not be disturbed unless it is clearly wrong. Crump v. Hartford Accident & Indemnity Company, 367 So.2d 300 (La.1979).
We have carefully reviewed the record and find the above quoted summary of the facts by the trial judge is correct. The only thing we might add at this point is that Dr. Buttross, plaintiff's own medical witness, not only expressed the opinion that the guard duties had not aggravated the heart disease, but he also stated that generally "a person who is employed after a coronary attack does much better health-wise... than those who sit down and do nothing."
Under the above stated rules of appellate review, we have no difficulty in deciding the trial judge was not clearly wrong in his findings of fact.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
WATSON, J., concurs with written reasons.
FORET, J., concurs in the result.
WATSON, Judge, concurring.
I concur in the result reached in the instant case on the facts presented. However, I cannot agree with the majority that a heart attack which occurs while an employee is working is not presumed to be causally related to employment activities.
In Danziger v. Employers Mut. Liability Ins. Co. of Wis., 245 La. 33, 156 So.2d 468 (1963), the Supreme Court stated that a manual laborer whose heart gives way while he is performing his customary duties has an accident within the meaning of the compensation law. "... [I]t is not necessary in such instances for the employee to show that the disabling `injury' was the result of unusual physical effort." 156 So.2d 472. The rule was inapplicable to Danziger himself, a white-collar, business executive, who suffered a stroke because of emotional shock. However, here we do not have an executive but a gate guard.
Danziger was overruled by Ferguson v. HDE, Inc., 264 La. 204, 270 So.2d 867 (1973), insofar as it excluded emotional strain as the cause of a compensable accident. Ferguson holds that an accidental physical cause is not essential for a workman to recover, only an accidental result. The requirement is that "... the events are clearly job-connected." 270 So.2d 870. The connection is inferred when a stroke, coronary thrombosis or heart ailment manifests itself during working hours while an employee is performing his usual duties. Leleux v. Lumbermen's Mutual Insurance Company, 318 So.2d 12 (La., 1975); Barnes v. City of New Orleans, 322 So.2d 821 (La. App. 4 Cir. 1975), writ denied, 325 So.2d 584; Lay v. Allied Chemical Corp., 340 So.2d 1076 (La.App. 1 Cir. 1976); and Small v. J. C. Penney, Inc., 367 So.2d 1277 (La. App. 3 Cir. 1979), writ denied, 369 So.2d 156.
However, the inference or presumption of causal connexity can be rebutted, if the medical evidence completely eliminates *741 work activities as a contributing factor in the accident. See Fields v. Sperry Rand Corp., 343 So.2d 339 (La.App. 2 Cir. 1977), writ denied, 345 So.2d 902.
Here, as in Joyner v. Houston Gen. Ins. Co., 368 So.2d 1149 (La.App. 3 Cir. 1979), the deceased workman had a history of heart problems. Rowland had a coronary thrombosis in 1957 prior to his fatal cardiac arrest in August of 1976. In the interim, he had other attacks of myocardial infarction, and he was treated in May of 1975 for mild congestive heart failure. However, his treating doctor, Dr. David Buttross, Jr., who gave the only medical evidence on the point, completely eliminated Rowland's job activities as a causal factor in his death.
I concur in the result reached by the majority because the presumption of Causal connexity was rebutted by the unequivocal testimony of Dr. Buttross that the decedent's duties as a guard at Continental Oil Company were completely unrelated to his cardiac arrest.